HORTMAN-SALMEN CO., INC., v. METROPOLITAN CASUALTY INS. CO. OF N. Y.

———

(April 7, 1930. Opinion and Decree.)
(May 5, 1930. Rehearing Refused.)
(July 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

Edrington & Carmouche and D. Thomas Salsiccia, of New Orleans, attorneys for plaintiff, appellee.

John C. Hollingsworth, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff, a materialman, brings this suit for $977.40 under the provisions of Act 298 of 1926 against the Metropolitan Casualty Insurance Company of New York, as surety on a building contract in notarial form, dated August 15, 1927, between August G. Ehrhardt as owner and Isidore St. Amant as contractor. Defendant filed an exception of non-joinder upon the ground that St. Amant was a necessary party, and, this exception being overruled, answered, admitting the building contract sued on, but denying that St. Amant was indebted to plaintiff in any sum, alleging in substance that St. Amant, whose name appeared in the contract, was in reality a party interposed for plaintiff, referring to a certain contract alleged to have been entered into between plaintiff and St. Amant under date of July 13, 1927, the purport of which was alleged to be "the carrying on under said contract, thereafter, the construction of said building in the name of the individual contractor, but actually by plaintiff, and plaintiff to stand all loss and damage arising from said construction and the contractor or any one interested with said contractor, to be held free and harmless from any loss and damage, including liens and claimed privileges thereunder."

On the trial of the case plaintiff sought to introduce this contract in evidence. An objection of irrelevancy was sustained and the contract excluded. The trial then proceeded, the evidence taking a very wide and, according to our view, unwarranted scope, with the result that judgment was finally rendered in plaintiff's favor, as prayed for.

The exception of non-joinder was properly overruled. Plaintiff was under no obligation to join the contractor in the suit, for, under the express terms of Act 298 of 1926, it was privileged to sue the surety alone.

With reference to the ruling of the court excluding the contract of July 13th, it is difficult to see how anything in that agreement can affect the issues in this case. A copy of the contract is in the record, and it is plainly not admissible. It is called a "membership franchise." The Hortman-Salmen Company, Inc., a dealer in building supplies, with the idea of increasing their sales, persuaded a number of contractors, among them Isidore St. Amant, to obtain a membership franchise in their "Service Plan Department." This so-called franchise requires the contractor, in return for certain services supplied by the Hortman-Salmen Company, Inc., such as the use of expert draftsmen in preparing plans and of competent estimators in preparing estimates of buildings, to agree to patronize the Hortman-Salmen Company, Inc., in the purchase of building materials handled by that company. We are of opinion that the contract was properly excluded from consideration by the trial court.

The evidence shows that the contractor, St. Amant, failed to pay plaintiff for certain materials which entered into the construction of the building erected under the building contract, upon which defendant was surety, and that the value of these materials amounted to the sum claimed in its petition. Much of the record and of counsel's brief is taken up with a discussion of improper imputation of payments by plaintiff. St. Amant, a contractor of some experience, was, at the time the Ehrhardt building was under construction, engaged in the execution of a number of other building contracts. The building materials required in his several undertakings were purchased from the plaintiff

and certain payments were made by him. The argument is that these payments, particularly a certain check for $700, were not properly applied by plaintiff, part of it only being attributed to the account representing materials sold and used on the Ehrhardt job, whereas it is claimed that the whole amount should be so applied. This defense is involved in much detail, and is difficult to follow; a difficulty, however, which we need not solve, since the issue to which it is responsive was not raised in the pleadings, and the administration of proof to that effect timely objected to on the trial of the case.

For the reasons assigned, the judgment appealed from is affirmed.