### THOMPSON v. MICHELLI.
### No. 1148.

Court of Appeal of Louisiana. First Circuit.
May 22, 1933.

See, also, 141 So. 466.

J. A. Loret and R. F. Walker, both of Baton Rouge, for appellant.

Shelby Taylor, of Baton Rouge, for appellee.

ELLIOTT, Judge.

Vardaman L. Thompson alleges that Bruno Michelli is indebted unto him in the sum of $396.75, with interest, on account of work done by him as bricklayer, painter, and hauling brick in the construction of a brick building, the property of said Michelli; that H. B. Thompson, Sr., was the contractor and as such had the contract for the construction of said building from said Michelli; that he was employed in said work by said Thompson; that, said Thompson having failed to pay him, he served on said Michelli a statement of his account, and caused another to be recorded in the office of the recorder of mortgages for the parish of East Baton Rouge, the effect of which was to create a privilege on said building in his favor for the amount due him on account of said work; that under the law said Michelli is indebted to him for the amount due him as above said. His claim against Michelli is for a quantum meruit. He prays for judgment against said Michelli for such amount as may be found due him on said account and for the recognition and enforcement of his privilege as the law provides.

The petition is the companion of two former suits, one brought by T. U. Thompson and the other brought by H. B. Thompson, Jr., against said Michelli in June, 1931. The three suits were consolidated in the lower court for the purpose of trial, and the note of testimony taken therein contains the testimony of V. L. Thompson upon which he bases his claim in the present case.

Michelli, upon being cited, appeared and excepted to plaintiff's demand on the ground that his petition was vague, in that it did not set forth plaintiff's name, as the law requires, but the initial letters of his name only. This exception was by the court overruled. Two days thereafter Michelli filed a further exception, alleging that H. B. Thompson, Sr., the contractor, who had employed the plaintiff, was a necessary party to the suit. This exception was also overruled.

The defendant then, under reserve of all of his rights under his said exceptions, filed an answer in which he denies owing the plaintiff anything, setting up that the brick work done by plaintiff was defective; that the building, as a result, was practically useless. That the painting was also badly done and that he did not employ the plaintiff and owed him nothing.

There was judgment in favor of the plaintiff for $276 with interest and recognizing and ordering enforced the privilege, which he claimed.

This is the second appeal in this case. This court, acting on defendant's exception that plaintiff's petition did not state his name, reversed the judgment first rendered and remanded the case but did not act on the exception of nonjoinder.

On the return to the lower court, the plaintiff amended his petition. The defendant

renewed his exception of nonjoinder and the same was again overruled. The defendant then amended his answer and introduced some additional testimony, but the plaintiff submitted his case on the testimony that had been introduced on the previous trial. The court rendered judgment in favor of the plaintiff, as had been done on the previous occasion, and the defendant again appealed.

The building on which plaintiff worked is described as situated on lot 5 in the Zee Zee Gardens subdivision of the city of Baton Rouge. The defendant now urges his exception of nonjoinder. Plaintiff's form of action is based on Act No. 298 of 1926, § 12, which expressly provides that: "Any person furnishing service or material or performing any labor on said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim." No contract was recorded so the exception was properly overruled.

In the case of T. U. and of H. B. Thompson, Jr., v. Michelli, 144 So. 619, we said, with reference to the brick work of Vardaman L. Thompson, in acting on the appeal taken in that case:

"V. L. Thompson is a first class bricklayer, as appears from the evidence. He testifies as a witness for plaintiffs that he did most of the bricklaying on that building; stayed on the job 'until the brick work' was completed; and that his two brothers, plaintiffs, helped him a little, likewise his father, H. B. Thompson, Sr.

"He admitted that, in his suit against defendant, he testified that he had worked 234½ hours in laying bricks in that building. It is clearly established, by the evidence, that he laid more than 1,000 bricks in every 8 hours that he worked thereon. In those 234½ hours, the near equivalent of thirty 8-hour days, it is evident, that he laid not less than 30,000 bricks, as the principal bricklayer on the job.

"H. B. Thompson, Sr., estimated, that between thirty-five and forty thousand bricks had gone into the building. Defendant, who paid for the bricks, said, that 34,000 bricks had gone into it. We will accept the maximum of the estimate, made by H. B. Thompson, Sr., and will fix the number of bricks used at 40,000. As not less than 30,000 were laid by V. L. Thompson, not a claimant herein, T. U. Thompson and H. B. Thompson, Jr., plaintiffs, could not together have laid more than 10,000 bricks in the building."

The additional testimony introduced by defendant on the second trial herein, bearing on the price of laying brick, the character of the work done, and also bearing on the painting, has all been duly considered. As for the character of plaintiff's work, as bricklayer and painter, we find that it was not defective, and as for the value of plaintiff's wages per hour we find that for work done, as brickmason, $1 per hour is a proper quantum meruit for the payment of the plaintiff, just as we held with reference to T. U. Thompson and H. B. Thompson, Jr.

As for the number of hours he worked as brickmason, plaintiff claims to have worked 234½ hours and there is no satisfactory evidence to the contrary. We therefore hold that he worked as many hours as claimed, and that he is entitled to recover of the defendant $238 on that account.

He claims to have worked 48 hours, as a painter, and that 50 cents an hour is a fair compensation for that class of work. We have considered the evidence on that subject and agree with the lower court that he is entitled to $24 on that account.

He claims that he put in 46 hours hauling brick. It seems that he did this work under the employment by the defendant. He claims 30 cents an hour on that account, amounting to $12. We think this item should be allowed.

The items added up amount to $274. The lower court allowed $276. This to the extent of $2 was an inadvertence in adding.

The judgment appealed from is reduced from $276 to $274, and, as thus amended and corrected, it is affirmed. Defendant and appellant to pay the costs in both courts.