## A. M. & J. C. DUPONT, Inc., v. BOUDREAUX et al.

### No. 1858.

Court of Appeal of Louisiana. First Circuit.

June 14, 1938.

Lottinger & O'Neal, of Houma, for appellant.

Harris Gagne, of Houma, for appellee.

LeBLANC, Judge.

The proceeding presently before this court originated in a suit instituted by the plaintiff against the defendant and one Alcide J. Falgout for a judgment against them, in solido, for the sum of $262.71, that being the amount of a bill for building material and supplies furnished to Falgout, a contractor who was engaged in constructing two buildings for the defendant Boudreaux on two lots of ground which he owns in the Honduras addition to the city of Houma. Boudreaux was impleaded as a party defendant on an allegation to the effect that he had no written contract with Falgout, the contractor, nor had he exacted a contractor's bond from him as required by law in order to have himself relieved of any liability for material sold to the contractor and used in the construction of the buildings. In addition to asking for a judgment against Boudreaux, in solido, with Falgout, plaintiff prayed for recognition of the materialmen's lien and privilege accorded by law, on the two lots of ground on which the buildings were erected, and that from the sale thereof in due course, it be paid out of the proceeds by preference and priority over all other persons.

The defendant Falgout made no appearance and judgment went against him on confirmation of default with reservation of plaintiff's right to proceed against the defendant Boudreaux.

The demand as made against Boudreaux was put at issue by various pleas and an answer, and, pending the trial of the case on the merits, plaintiff obtained a writ of fieri facias against Falgout and at the same time obtained a rule for garnishment against Boudreaux. In due time the latter answered the garnishment, admitting that he had in his possession, for the account of Falgout, a sum of money far in excess of the amount of the judgment which had been rendered against him, and on which execution had issued. The answer to the interrogatories was filed on March 2, 1938 and on the following day, as per previous assignment, the case went to trial as against Boudreaux, on the merits. Judgment was rendered against him on the same day, and signed the following day, for the sum of $216.38 with recognition of the lien and privilege prayed for. On that same day also, plaintiff had a rule to issue against Boudreaux to show cause why he should not turn over to the sheriff from the funds admittedly in his possession for the account.

of Falgout, an amount sufficient to satisfy the writ then in the hands of the sheriff. To this rule, Boudreaux on the same day filed an exception of no cause of action on the ground that he was not a third party in this proceeding within the contemplation of Art. 246 of the Code of Practice and therefore. not amenable to garnishment process. On March 11, 1938, the court rendered judgment maintaining the exception of no cause of action to the extent of $216.-38 and rendered judgment against Boudreaux, as garnishee, in the sum of $46.33, the latter sum being the difference between the amount of the judgment against Falgout and that against Boudreaux himself.

On March 16, 1938, Boudreaux asked for and obtained an order for a suspensive appeal and which appeal he perfected the same day, from the judgment which had been rendered against him on March 4, 1938, and on the following day, plaintiff perfected an appeal which it had obtained the day previous, from the judgment on the rule in the garnishment proceeding. At the present time we are concerned only with the latter appeal.

Article 246 of the Code of Practice which relates to the garnishment process reads in part, as follows:

"And whenever a party, plaintiff in a cause, has applied for a writ of fieri facias against the defendant, and has reason to believe that a third person has property or effects in his possession, or under his control, belonging to the defendant, or is indebted to him, he may cause such third person to be cited to answer, under oath, such interrogatories as may be propounded to him touching said property and effects, or such indebtedness, in the same manner and with the same regulations as are provided in relation to garnishees in cases of attachment. * * *"

The sole and only issue presented in this case therefore is whether Boudreaux, whom plaintiff is attempting to make a garnishee, is, under the situation which now exists, a third person within the meaning of that term as used in the article just quoted.

It seems to us as it did to the district judge, that a decision of that issue is governed by the authority of two cases long ago decided by the Supreme Court and the only two, apparently, in which it was involved. These are the cases of Bailey & Co. v. Lacey, Terry & Co., 27 La.Ann. 39, and Richardson v. Lacey, Terry & Co., 27 La.Ann. 62, 63.

In the first of these two cases it is to be noted that execution had already issued on the judgment against the defendants, including the one who had been made garnishee, and the court held that he was not a third party against whom the process of garnishment could issue, because he was a "defendant in execution", liable in solido with the other defendants. That case therefore may not properly be considered as authority directly in point on the situation existing in the case before us because whilst execution had issued on the judgment against Falgout it had not issued on the judgment against his co-defendant Boudreaux, whom plaintiff is attempting to have made a garnishee.

In the second case cited however we find the situation which is very much the same as that presented in the case before us, as the party defendant against whom garnishment had issued is referred to merely as "one of the defendants" and therefore not a third person within the meaning of that term as used in the Article of the Code of Practice regulating garnishment process, and for that reason, as we interpret the decision, was not subject to that process.

The most important point urged in this case, as we view it, is that the judgment against Boudreaux is not a final judgment since there is a suspensive appeal pending from that judgment, and therefore he cannot be classed as a defendant in execution. Still, in the second of the two cases cited it is noted that the court starts the opinion by stating that there are three appeals before it, one of which is from. the judgment itself which was rendered against the defendant who had been made garnishee. That we take to mean was the same judgment in relation to the defendant in that case as the judgment against Boudreaux in the case before us. If that judgment was on appeal, it neither was a final judgment and necessarily that defendant was not a "defendant in execution" and yet, the court held that the defendant against whom it had been obtained was not a third party in contemplation of the law in reference to garnishment.

We do not think that the relation which may exist between the co-defendants has any reference to the point at issue. The theory on which the decision in the two cases cited is grounded seems to be that the garnishment adds nothing to the liability of the defendant against whom it is asked to issue, and from that standpoint it would

appear that the case before us presents a stronger situation in favor of the defendant Boudreaux, because the plaintiff has not only obtained a personal judgment against him, but it has a judgment secured by a lien and privilege on his property to the extent of $216.38. This amount is only $46.33 less than the total amount of the judgment against Falgout, and for this amount of $46.33, the district judge properly rendered judgment against Boudreaux as garnishee on the rule taken against him at the instance of the plaintiff.

We are of the opinion that the issue presented in this case was properly disposed of by the judgment in the district court and for the reasons herein stated that judgment stands affirmed. All costs of appeal are to be paid by the plaintiff, appellant herein.