**A. M. & J. C. DUPONT, Inc., v. BOUDREAUX et al.***

No. 1929.

Court of Appeal of Louisiana.
First Circuit.

Dec. 19, 1938.

Harris Gagne, of Houma, for appellant.

Lottinger & O'Neal, of Houma, for appellee.

LE BLANC, Judge.

This case was once before on appeal before this court. At that time a judgment against the defendant, Charles E. Boudreaux, had already been rendered and suspensively appealed from. While that appeal was pending garnishment proceedings were instituted against him and he had been discharged as garnishee. The plaintiff had then appealed from the judgment in the garnishment proceeding and by agreement that appeal was heard and disposed of independent of the one on the main demand. See A. M. & J. C. Dupont, Inc., v. Charles E. Boudreaux et al., La. App., 182 So. 184. The case now appears before us on the appeal taken by the defendant Boudreaux from the judgment rendered against him in the main demand, and the sole issue presented is with regard to the nature of his liability. His counsel's contention is that he is only liable as a surety in solido with his co-defendant Alcide J. Falgout, and not as a principal in solido as held in the judgment appealed from.

The case was fully stated in the opinion heretofore rendered by the court and from which it appears that the defendant Boudreaux's liability arose as that of an owner for material furnished a contractor in the construction of certain buildings on his property in the city of Houma, without having complied with the provisions of the law to have himself relieved therefrom. The particular law with reference thereto is Act No. 298 of 1926, the specific section being Section 12 now incorporated as Section 5117 in Dart's Louisiana General Statute, Vol. 2, P. 1976.

The pertinent provision of the section reads as follows: "Any person furnishing service or material or performing any labor on said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim * * *".

*Rehearing denied Jan. 11, 1939.

A mere reading of the provision is sufficient we think, to determine the question of defendant's liability as a principal debtor in solido with the contractor as he was adjudged in the lower court. The law itself fixes that liability and under its provision it has been held that the material man may sue the owner directly without joining the contractor as a party defendant. See Thompson v. Michelli, La. App., 148 So. 287; Hortman-Salmen Company v. Metropolitan Casualty Insurance Company, 13 La.App. 477, 127 So. 424.

 Counsel for defendant in effect conceded that the interpretation heretofore placed on this provision of the statute accords with the written words thereof but strenuously urges that the spirit of the law and its intention was not to impose a liability on the owner for which he might be denied full recourse against the contractor. He contends that if the defendant owner in this case should ultimately be forced to pay plaintiff as a principal, as decreed in the judgment below, he can only recover from his delinquent builder, one-half of the amount of the judgment settled by him in full. Whatever merit there may be in that contention, we find ourselves without authority to give it any consideration in view of the plain language and provisions of the statute. It is only when the expression of a law is dubious that the court can consider its reason and spirit in order to effectually discover its true meaning. R.C.C. Article 18. Certainly there is nothing dubious or ambiguous in the language of the law here under consideration and all that the court is called on to do is to interpret and apply it according to its plain provisions.

 We do not think that the case is one which warrants the imposition of the statutory penalty prescribed for frivolous appeal as prayed for by the plaintiff in its answer to the appeal. Code Prac. art. 907.

The judgment below being found correct it is therefore affirmed at the costs of the appellant.