The only question presented here is one of law. May a furnisher of materials obtain a personal judgment against an owner for the price of materials sold to the contractor and used in the building of the owner where there is a building contract, which was not recorded and the furnisher of materials did not file his claim in the office of the Recorder of Mortgages?
Robert W. Markel is engaged in the sale of lumber and other materials used in the construction of buildings. Mr. and Mrs. James Bujol are the owners of the property, 2120 Annette Street, in New Orleans. They, desiring to make repairs, alterations and improvements, entered into a written contract with Ruffin J. Walker under which he undertook to do the work for $2,150, the said Walker to furnish all materials and supplies. The contract was not recorded in the office of the Recorder of Mortgages and no bond was required of the contractor. Walker purchased from Markel materials for the price of $209.86, which were used in the work but for which Walker did not make payment. Markel brought this suit seeking solidary judgment against Walker and Mr. and Mrs. Bujol. Walker made no defense but Mr. and Mrs. Bujol denied liability on the ground that Markel had not filed in the office of the Recorder of Mortgages any claim or statement of account, maintaining that under the provisions of the applicable statute, #298 of 1926, such recordation or formal filing of a claim is necessary if the owner of the building is to be held personally liable.
There was judgment below against Walker and Mr. and Mrs. Bujol solidarily, and Mr. and Mrs. Bujol have appealed.
It is conceded that the statute already referred to is controlling. Section 12 of that Act, after setting forth the routine to be followed where there is no contract or where a contract has not been recorded, and a materialman desires to obtain a lien upon the property in which his materials are used, provides a method by which such a furnisher of materials may obtain a personal judgment against the owner. We quote from the statute:
"* * * Any person furnishing service or material or performing any labor on said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for *West Page 449 
a period of one year from the filing of his claim, as provided in this Section, * * *".
We direct attention especially to the fact that the "filing" of a claim is a necessary prerequisite to the attempt to hold the owner personally liable. On behalf of the owner, it is contended that the statute contemplates that this filing must be done in the office of the Recorder of Mortgages, and counsel for the defendants point to the words which immediately follow the requirement that the claim must be filed "as provided in this Section." From this, they argue that the quoted phrase qualifies the word "claim" and thus requires that the claim must be filed "as provided in this Section", in the Mortgage Office.
It may be mentioned here that, so far as the record shows, no claim, either formal or informal, has ever been filed either in the Mortgage Office, or with the owner or anywhere else.
On behalf of plaintiff it is said that the words "as provided in this Section" do not qualify the word "claim" but rather qualify the entire preceding clause, which creates the right to a personal action and fixes the prescription thereon at one year. In other words, that the meaning is not that the claim must be filed as provided in the section, but that if it is filed, it shall not prescribe for one year, "as provided in this Section," and such an interpretation is within the realm of possibility since, in the preceding part of the section, it is provided that where a lien is secured, it shall prescribe in one year.
In seeking to destroy the argument that there is no right to a personal action unless the claim has been filed in the Mortgage Office, counsel for plaintiff point out that if the claim is so filed, there is then created a lien against the property itself, and they argue that it was not the intention of the legislators to require in the obtaining of a personal judgment that there be taken the identical steps which would be necessary in order to obtain a lien. But it seems obvious to us that the framers of the statute intended that the filing of a claim should be a prerequisite to the obtaining of a personal judgment against the owner, and even if the requirement that the claim be filed had not been followed by the phrase "as provided in this Section", we think the words "the filing of his claim" are a little more formal than would have been used had it seen the intention of the framers of the statute that in order to obtain a personal judgment the materialman need only present his claim to the owner. The words "the filing of his claim" indicate the intention of requiring the more formal proceeding of filing the claim in the Mortgage Office, and when we follow this rather formal requirement that the claim be filed with the phrase which we have so often already quoted, "as provided in this Section", we find inescapable the conclusion that it was the intention of the framers of the statute that the claim must be filed in the Mortgage Office.
All counsel concede that there is no case in Louisiana in which this exact question has been presented. Our attention is, however, directed to A.M. J.C. Dupont v. Boudreaux et al., La.App., 185 So. 317, in which a furnisher of material sought a personal judgment against the owner, and in which our brothers of the First Circuit held the owner to be personally liable. But a reading of the facts of that case as they appear in A.M. J.C. Dupont v. Boudreaux et al., La.App., 182 So. 184, shows that the claim had been duly recorded, and that based on the recordation a lien had also been sought.
It is argued that it would be inequitable to permit an owner to benefit to the extent of the materials furnished by a materialman and used in the house of the owner, and to escape liability therefor. But the answer is that the owner who has paid the contractor in full should not be called upon to pay for material sold not to him but to the contractor, unless the seller of the materials has complied with all of the technical steps required by the statute, which does give a remedy to the materialman who does comply with these requirements. At any rate, we so interpret the statute.
It is therefore ordered, adjudged and decreed that in so far as the judgment appealed from runs against Mr. and Mrs. James Bujol, it is entirely reversed, and plaintiff's suit as against Mr. and Mrs. James Bujol is dismissed at his cost.
Judgment reversed. *West Page 450