HAMITER, Justice.
 

 The Rathborne Lumber & Supply Company, Inc., instituted this action in the district court of Jefferson Parish, naming as defendant Linus J. Falgout, a resident of that parish, and Edward Pelas, who resides in Plaquemines Parish.
 

 In the petition plaintiff alleged that on or about the dates shown on the annexed itemized statement it sold and delivered to-defendant Falgout certain 'building materials for the agreed total price of $2441.27 that the materials were used in the construction, erection or repair of a building' for defendant Pelas on certain described real estate owned by the latter and situated in the Parish of Plaquemines; that an affidavit asserting a lien against the building and land was recorded in the mortgage office of Plaquemines Parish within sixty days from the time of the last delivery of' materials; that there is no contract on the-public records executed by the two defendants concerning the erection or construction of the building; and that the amount sued for remains unpaid despite amicable-demand.
 

 Plaintiff prayed for a judgment condemning the' defendants, in solido, for the sum of $2441.27, plus legal interest, and additionally maintaining and recognizing its. lien and privilege.
 

 The defendant Falgout answered the petition, and thereafter no further proceedings occurred as to him.
 

 The other defendant (Pelas) filed numerous exceptions, in two of which he pleaded a lack of the court’s jurisdiction rationepersonae and ratione materiae. The district judge sustained the exception to the-jurisdiction ratione personae and, as a. consequence, rendered a judgment dismissing the suit insofar as it applies to the said. Edward Pelas.
 

 
 *634
 
 From the judgment plaintiff appealed; and in this court defendant Pelas filed a separate exception in which he pleads that the district court lacks jurisdiction ratione materiae.
 

 At the outset it is to be noticed that the suit has a two-fold purpose, namely, the obtaining of a solidary personal judgment against the two defendants and also the enforcement by judicial process of plaintiff’s lien and privilege against the immovable in question owned by defendant Pelas. It, in other words, combines an action in personam with an action in rem.
 

 With this observation we consider and discuss first the exception of defendant Pelas to the jurisdiction ratione personae, the sustaining of which was the basis of the judgment appealed from. The gravamen of the plea is that the district court of Jefferson Parish cannot entertain the suit as to his person' for the reason that he is domiciled in Plaquemines Parish and that under the general rule in civil matters, as announced in Code of Practice Article 162, he can be sued only before the judge having jurisdiction over the place where he has his domicile. But the plea completely overlooks certain other facts and principles of law which must be given consideration. According to the petition herein no contract between defendant Pelas (the owner) and defendant Falgout (the contractor to whom the materials were sold and delivered) was timely placed on the public records of Plaquemines Parish; and, as a result thereof and pursuant to the provisions of the Building Contract Statute, Section 12 of Act 298 of 1926, as amended by Act 323 of 1938, plaintiff has a personal right of action against such owner for the amount of its claim against Falgout. Moreover, Pelas and Falgout are personally liable in solido inasmuch as they are obliged to the same thing. Civil Code Article 2091; Hiller Co., Ltd., v. Hotel Grunewald Co., Ltd., 138 La. 305, 70 So. 234; Glassell, Taylor & Robinson v. John W. Harris Associates, Inc., 209 La. 957, 26 So.2d 1; A. M. & J. C. Dupont, Inc. v. Boudreaux, La.App., 185 So. 317. And as obligors in solido these defendants are governed by the exception to the general rule respecting jurisdiction that joint or solidary obligors may be cited at the domicile of any one of them. Code of Practice Article 16’5, paragraph 6. Since defendant Falgout is domiciled in Jefferson Parish it follows that the district court of that parish, in which this suit was instituted, also has jurisdiction over the person of defendant Pelas.
 

 Under the exception to the jurisdiction ratione materiae filed in this court, our consideration of which is authorized by Code of Practice Article 902, counsel for defendant Pelas contends that according to the Building Contract Statute, Act 298 of 1926, as amended by Act 323 of 1938, plaintiff’s material lien and privilege can only be enforced (its in rem action can only lie) in a court of competent jurisdiction in the parish where the land is
 
 *636
 
 situated which, in this instance, is Plaque-mines Parish. To this end .counsel directs attention to the following provisions of the statute: “ * * * Said lien and privilege * * * may be enforced by a civil action in any Court of competent jurisdiction in the parish in which the land is situated * * * (Section 12). The manner and method of creating and preserving liens and privileges created and specified in this act shall be exclusive * * * (Section 16)”; and he argues that inasmuch as material liens are stricti juris the provisions of the statute must be held to provide the only procedure for their enforcement.
 

 We observe that of the two quoted statutory provisions relied on by exceptor the one in Section 12 is couched in language which is generally regarded as permissive (the word “may” is used), and that the other provision in Section 16 does not specifically refer to the enforcement of a lien. It is well recognized, however, that although words of a statute are permissive, directory or enabling in character ordinarily, sometimes they may require an interpretation giving them mandatory effect, this occurring where the context or subject matter compels such construction or where it is necessary to carry out the clear policy and intention of the Legislature. 50 American Jurisprudence, verbo Statutes, Section 31.
 

 Be that as it may we find it unnecessary to determine, in passing upon the plea to the jurisdiction ratione materiae, whether the terminology so used in the statute is to be given a mandatory or a permissive meaning. If it is construed as being mandatory the instant material lien, because of the wording of the provision, could be enforced only in Plaquemines Parish where the property is located. On the other hand if it is interpreted as being merely permissive there is no legal authority to our knowledge for plaintiff’s instituting the in rem part of its action in the Parish of Jefferson, a place where neither defendant Pelas resides nor his property is located.
 

 The Building Contract Statute certainly contains no provision authorizing it. And our general procedural law does not furnish the authority. Article 129 of the Code of Practice recites: “District and parish courts have no jurisdiction, when actions are brought against persons residing in the State, out of the limit of their respective jurisdiction, except in the cases expressed in this code.” Among the several exceptions to this rule noted in the Code of Practice none sanctions the filing of an in rem action affecting real estate in a jurisdiction that encompasses neithes the defendant’s domicile nor the situs of his involved property.
 

 In the interest of clarity, particularly since the district court incorrectly sustained the exception tc the jurisdiction ratione personae and failed to pass upon an exception to the jurisdiction ratione mater
 
 *638
 
 iae similar to the one hereinabove determined, we shall recast the judgment.
 

 For the reasons assigned the judgment of the district court is set aside, the exception to the jurisdiction ratione personae is overruled, the exception to the jurisdiction ratione materiae filed here is sustained with respect to (and only to) the in rem part of the instant cause, and plaintiff’s suit is dismissed insofar as it seeks the enforcement of a material lien against the property of Edward Pelas. It is further ordered that the case be remanded for further proceedings according to law and not inconsistent with the views herein expressed. The costs of this appeal shall be paid by appellant and Edward Pelas in the proportion of one-half by each, and all other costs shall await the final determination of the suit.