145 So.2d 145 (1962)
GURTLER, HEBERT & CO., Inc.
v.
MARQUETTE CASUALTY COMPANY.
No. 556.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Rehearing Denied October 15, 1962.
*146 Beard, Blue, Schmitt & Treen, Melvin W. Mathes, New Orleans, for plaintiff-appellant.
Schoemann & Gomes, Rudolph R. Schoemann, New Orleans, for defendant-appellee.
Before REGAN, HEARD and McCLENDON, JJ.
REGAN, Judge.
Plaintiff, Gurtler, Hebert & Co., Inc. a subcontractor, instituted this suit in the First City Court of New Orleans against the defendant, Marquette Casualty Company, as owner of improved realty located in Jefferson Parish, endeavoring to obtain a judgment for $720.00, representing the amount due on a pile-driving contract. Plaintiff further sought the recognition of a laborer and materialman's privilege, recorded in the Jefferson Parish mortgage office to secure this indebtedness, and prayed that the property it affected be sold to satisfy his judgment.
The defendant excepted to the jurisdiction of the court ratione materiae, asserting that plaintiff could only bring an action in rem against the defendant in a court of competent jurisdiction located in the parish where the land is situated.
From a judgment maintaining this exception[1] and dismissing plaintiff's suit, it has prosecuted this appeal.
The only question which this appeal has posed for our consideration is whether the trial court properly concluded that it lacked jurisdiction ratione materiae, and the correctness of its resolution depends on an interpretation of LSA-R.S. 9:4812, which outlines the method of creating and enforcing a materialman's lien in instances where the general contract for construction *147 of the building has not been recorded. It provides, in part:
"When the owner, or his authorized agent, undertakes the work of construction * * *, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work * * * has been done, a copy of his estimate or an affidavit of his claim * * *, which recordation, * * * shall create a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work * * *. The said privilege * * * may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated * * *." (Emphasis added.)
The pleadings establish that plaintiff entered into and completed a pile-driving contract on behalf of the Peacock Construction Company, Inc. in connection with the erection of an office building on West Metairie Avenue, which was owned and constructed under the supervision of Peacock. Plaintiff completed the job during September of 1959.
The general contractor did not record the contract in the Jefferson Parish mortgage office nor did it furnish a surety bond to guarantee payment to subcontractors; therefore, on January 13, 1960, the plaintiff recorded an affidavit setting forth its claim in the mortgage office, which created a statutory privilege on Peacock's property.
On March 8, 1960, the property was transferred to defendant herein and the plaintiff's privilege was not satisfied.
Plaintiff instituted suit on August 18, 1960, and the defendant executed a surety bond, which was recorded in the Jefferson Parish mortgage office for the purpose of cancelling the plaintiff's privilege on its property and substituting the surety contract to secure payment only in the event plaintiff should obtain a judgment as a result of this action.[2]
This suit was instituted at the defendant's domicile, which is located in a parish other than where the land upon which it seeks to enforce its lien is located.
Counsel for plaintiff asserts that the trial judge erred in declining jurisdiction since this action falls within the general rule of procedural law requiring that a defendant must be sued at his domicile. He insists that the language contained in LSA-R.S. 9:4812, which provides that the privilege "may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated," affords the plaintiff an option to file suit either at the defendant's domicile or the situs of the land to which the lien attaches. Counsel argues that the legislature would have used the term "shall be enforced" instead of "may be enforced" had it intended that an action brought under the statute must only be brought in the parish wherein the land is situated.
This same contention was raised in Rathborne Lumber & Supply Co. v. Falgout,[3] and in discussing the language of this statute, insofar as it relates to proper venue, the court observed that while the word "may" in a statute is generally permissive, sometimes it requires a mandatory interpretation where the context compels such construction or where it is necessary to carry out the clear policy of intent of the legislature. Unfortunately, in the Rathborne *148 case, the court was not required to, and therefore did not resolve, this issue.
We are of the opinion that the language relating to venue in this instance must be interpreted as mandatory in order to carry out the clear intent of the legislature.
When a subcontractor's claim for labor and materials is not satisfied, he has a right of action against the owner of the premises upon which the work was performed at the time the job was subcontracted, and the owner is personally liable for the amount of the subcontractor's claim. In addition to this right of action, LSA-R.S. 9:4812 provides a method by which the laborer or materialman can secure payment of his claim and enforce a judgment, should he so desire.
Not only does the statute use the permissive verb "may" in prescribing venue, but it also states that any person may record an affidavit and create a lien in the mortgage office of the parish where the land is located.
Were we to apply the rationale of plaintiff's contention with respect to the permissiveness of the word "may" to this language of the statute, we would, in effect, reach the absurd result that the lien may be filed in any mortgage office in any parish of this state.
Therefore, we conclude that the statute means that the subcontractor has a right to create a lien on the defaulting owner's property, if he so desires; however, if he wishes to avail himself of this statutory security device and enforce payment, he must proceed in a court having jurisdiction over the property, that is, in the parish where the land is situated.
In the case before us, plaintiff did not possess the option of bringing an action in personam at the defendant's domicile or of proceeding in rem, because the defendant was not the owner of the building at the time plaintiff's services were performed. Therefore, defendant cannot be held liable for this claim in personam.[4]
We think this conclusion is supported by certain provisions of the Code of Civil Procedure. Article 42 thereof, which outlines general rules of venue, provides in part, that an action against an individual who is domiciled in the state, shall be brought in the parish of his domicile. Article 43 states that exceptions to the general rules outlined in Article 42 are to be found in Articles 71 through 83.
Article 72, which is considered to be one of the exceptions to the general rules, provides in part:
"An action in which a sequestration is sought, or an action to enforce a mortgage or privilege by an ordinary proceeding, may be brought in the parish where the property, or any portion thereof, is situated." (Emphasis added.)
Although Article 72 uses the word "may" instead of "shall", the rule of statutory interpretation which provides that the courts should apply the construction which would not create a conflict between two laws must prevail here, and therefore the venue in Article 72 should be deemed mandatory.
Counsel for plaintiff finally asserts that the surety bond filed by defendant to release the lien confers upon the First City Court jurisdiction over the defendant in an action on the judicial bond, which is in personam. This contention has no merit, since the filing of the bond did not expand defendant's liability as owner of the property but merely had the effect of substituting a solvent suretyship contract for the protection afforded plaintiff by its laborers and materialman's lien.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] In addition, the defendant pleaded the exceptions of no right or cause of action, lack of jurisdiction ratione personae and vagueness, upon which the trial judge did not pass since he determined the action was brought in a court lacking venue.
[2] This procedure is authorized by LSA-R.S. 9:4841.
[3] 218 La. 629, 50 So.2d 295 (1950).
[4] Melde Tile Roofing Co. v. Compact Homes, Inc., La.App., 92 So.2d 735 (1957) and cases cited therein.