SAVOY, Judge.
Plaintiff filed this suit against defendant on an open account for labor performed by it on the residence of defendant in the sum of $623.73.
Defendant filed an answer generally denying the allegations contained in plaintiff’s petition. Further answering, defendant denied ever having done business with plaintiff corporation, but alleged that his contract was with Pauline Lumber Company, Inc., which corporation has been paid in full under the contract between the parties.
Defendant filed a supplemental answer, and, assuming the position of plaintiff in reconvention, alleged that should the court find a contract between plaintiff (defendant in reconvention) and him, the work performed by defendant in reconvention was poor in construction; and that as a result *210 thereof, he has been damaged in the sum of $4,500.00.
Defendant filed a second supplemental answer alleging that Pauline Lumber Company, Inc. and Triple J. Construction Company, Inc. have interlocking directors, officers, managers and employees, and have a common business address in Rayne, Louisiana; that the claim sued is unliquidated and in dispute between plaintiff and defendant herein; that when defendant tendered to Pauline Lumber Company, Inc. a check in the sum of $1,497.63 with a notation thereon “paid in full for addition on house” written on the face of the check, the accceptance of said check and the endorsement and due cashing thereof by Pauline Lumber Company, Inc. constituted an accord and satisfaction of any indebtedness due by defendant.
After a trial on the merits, the district judge, without assigning written reasons, granted plaintiff judgment against defendant as prayed for. Prior to the judgment, defendant dismissed his reconventional demand without prejudice.
The evidence reveals that defendant and Jack B. Khoury met in Lafayette, Louisiana, concerning the remodeling of a residence owned by defendant located in Lafayette, Louisiana. Defendant told Khoury he could not afford to spend more than $7,-000.00 for said improvements. Khoury told him (defendant) to employ his own electrician and painter, and that the job should not exceed $6,500.00. Defendant then gave Khoury a check made to Pauline Lumber Company, Inc. in the sum of $6,000.00 on June 21, 1962. The check was duly cashed by the corporation. The notation on the face of this check states “paid on extension of house on 107 Tech Drive.” On August 8, 1962, defendant delivered to Pauline Lumber Company, Inc., a second check in the sum of $1,497.63 with the notation “paid in full for addition on house”. Prior to this last payment, there existed a dispute as to how much defendant owed Pauline Lumber Company, Inc: Several months after the $1,497.63 check was cashed, plaintiff instituted the present suit.
Plaintiff concedes that defendant does not owe any further sum on the contract between Pauline Lumber Company, Inc. and defendant.
The testimony of the witnesses for plaintiff is that Pauline Lumber and plaintiff corporation are owned essentially by the same parties, except that Khoury is the majority shareholder in Pauline Lumber and owns ]/¡ interest in the plaintiff corporation. He is secretary-treasurer of both corporations. Khoury’s father-in-law is president of both corporations. Melancon, general foreman for Khoury, owns i/fj interest in plaintiff corporation. The corporations maintain the same domicile at Rayne, Louisiana, and one bookkeeper handles the book and accounting work for both corporations.
Plaintiff corporation furnishes labor, whereas Pauline furnishes materials. ■ '
Defendant has set up two defenses to the suit, namely: (1) That his building contract was with Pauline Lumber and that he has paid this corporation in, full on said contract; and, (2) That since ihere existed a dispute between Pauline Lumber and himself, that payment to and acceptance by Pauline of the check of August 8, 1962, constitutes an accord and satisfaction which bars plaintiff from recovery in the instant suit.
The first defense will be discussed for if it is valid, it will not be necessary to discuss the second defense raised by counsel for defendant.
The evidence reveals that plaintiff was a sub-contractor on the defendant’s job. It furnished labor for said project. There was no privity of contract between plaintiff and defendant.
If defendant did not pay plaintiff for labor performed on the defendant’s home, plaintiff had the right to have a labor lien prepared and filed in the mortgage records *211 of Lafayette Parish, Louisiana, within sixty days after the last labor was performed in accordance with LSA-R.S. 9:4812.
In Markel v. Walker, (La.App., Orl., 1941), 4 So.2d 448, the Court of Appeal said, “We direct attention especially to the fact that the ‘filing’ of a claim is a necessary prerequisite to the attempt to hold the owner personally liable.” (When there is no privity between the owner and the furnisher of material or labor to the contractor.)
The same statute involved in the Markel case, supra, is involved in the instant case except for some amendments to said statute which are not pertinent to the subject matter involved.
In Texas Lumber Company v. E. D. Green Realty Company, (2 Cir., 1932), 19 La.App. 585, 140 So. 828, plaintiff, a fur-nisher of materials, sued the contractor and the homeowner to recover for materials furnished on the residence of the homeowner. The contractor made no appearance, and judgment was rendered against him. The homeowner denied owing the indebtedness, alleging that he had paid to the contractor the entire contract price, and that the contractor, alone was responsible to plaintiff. The district court held that since the plaintiff had not filed a lien for materials furnished within sixty days after delivery thereof, he had no claim against defendant. The Court of Appeal affirmed the district court judgment.
An examination of the instant case does not reveal that plaintiff has ever complied with LSA-R.S. 9:4812 in that it has not filed and recorded a lien against defendant. Its only remedy is to proceed against the general contractor, Pauline Lumber Company, Inc.
Having" concluded that defendant is not indebted to plaintiff, a discussion of the second defense made by defendant, that of accord and satisfaction, is not necessary in the instant case.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered in favor of defendant, Jimmy Abboud, and against plaintiff, Triple J. Construction Company, Inc., rej ecting its demands and dismissing its suit. Costs of. this appeal to be paid by appellee.
Reversed.