LANDRY, Judge.
Intervenor-appellant, The Succession of Hillery H. Hornsby, appearing through Lula Hornsby, Executrix, appeals the judgment of the lower court enjoining defendant, Fidelity National Bank of Baton Rouge (Fidelity), from depleting an account in said decedent’s name to an amount less than $2,500.00, which sum is claimed by plaintiff, Leona W. Hornsby, surviving widow of decedent, pursuant to LSA-R.S. 9:1513. We reverse the judgment rendered below.
*97 The statute in question authorizes a surviving husband or wife to withdraw, under certain conditions, a sum not exceeding $2,500.00 from deposits in the name of the decedent in any bank or depository. The prime issue before us, as a matter of first impression, is whether the terms of the statute are permissive or mandatory.
The undisputed facts are that decedent, who had been previously married and divorced, was married to plaintiff in 1965. The couple was judicially separated in 1967, at which time a community settlement was effected between them. Thereafter a reconciliation was effected, but the community of acquets and gains was not reestablished. Mr. and Mrs. Hornsby lived together until the former’s death on June 10, 1968. Decedent died testate, naming his former wife, Lulu Hornsby, executrix of his estate and instituting his daughter by his first marriage as his universal legatee. On January 20, 1967, an account was opened in defendant bank in the name of Open H Ranch and closed March 27, 1968. In this instance, both plaintiff and decedent were authorized to draw thereon. On February 3, plaintiff and decedent negotiated a loan from Fidelity, both signing a note payable on demand to the order of the bank in the sum of $40,000.00. The indebtedness was secured by notes belonging to decedent, which notes were delivered to Fidelity for collection and credit on the loan. Ultimately the loan was liquidated and Fidelity now has in its possession $7,-507.86 belonging to decedent.
On February 13, 1970, plaintiff instituted this action against Fidelity alleging that she is the surviving spouse of decedent. She further maintains that during decedent’s last illness she expended her personal funds in the sum of $1,946.00 for decedent’s care. Plaintiff also alleges her funds are exhausted and that she will sustain irreparable injury unless Fidelity turns over to her the sum of $2,500.00 which she claims pursuant to LSA-R.S. 9:1513. In essence, plaintiff prayed for an injunction prohibiting defendant bank from disposing of decedent’s funds and a writ of mandamus ordering the bank to permit her to withdraw $2,500.00 from decedent’s account upon her compliance with the statute in question. The trial court declined to order the bank to permit plaintiff to withdraw the sum requested but entered a preliminary injunction prohibiting Fidelity from allowing depletion of the fund to less than $2,500.00, which sum could not be paid to anyone other than plaintiff.
LSA-R.S. 9:1513 provides:
“Any bank or other depository may pay to the surviving widow or surviving husband of a depositor not to exceed twenty-five hundred dollars out of the deposits of a decedent or out of deposits of the community between the survivor and the decedent, deposited in the name of decedent or of the survivor or in the name of the decedent jointly with the survivor or otherwise, without any court proceedings, order or judgment authorizing the same or determining whether or not an inheritance tax is due. The surviving spouse shall give to the paying depository an affidavit that the total funds withdrawn do not exceed $2,500 from all depositories. In event of such payment, the receipt of the surviving .spouse to whom it is made is a full release and discharge of the payor bank or other depository for the amount paid and for any inheritance tax determined to be due, and no tax collector, creditor, heir, personal representative, or any other person shall have any right or cause of action against any bank or other depository on account of the payment. R.S. 47:2410 does not apply to such cases.”
Appellant first contends the lower court erred in granting the preliminary injunction issued herein because the statute in question applies only to funds on deposit at the time of a spouse’s death. In this regard, it is pointed out that the funds held by Fidelity accrued to decedent’s account approximately 18 months after his death. Secondly, appellant contends the statute is permissive, not mandatory, consequently *98 banks are vested with discretion to permit or decline withdrawals by a surviving spouse even though the provisions of the statute are met. Lastly, it is argued that the statute becomes inoperative once probate proceedings are commenced to settle the estate of a deceased spouse.
Plaintiff contends the funds in question were “on deposit” within the meaning of the statute and that the phrase “may pay to the surviving widow or surviving husband” evidences a mandatory intention. In so contending, plaintiff relies upon Rath-borne Lumber & Supply Co. v. Falgout, et al., 218 La. 629, SO So.2d 295, for the rule that statutory words which are ordinarily permissive, directive or enabling in character, may require an interpretation according them mandatory effect where context or subject matter compels such construction, or where mandatory meaning is necessary to carry out legislative policy and intent.
We note that Falgout, above, which interpreted statutory provisions regarding material liens, was decided December 11, 1950, which indicates beyond question that the action in that instance was instituted prior to May 1, 1950, the effective date of our Revised Statutes of 1950. See Act 2, Ex.Session of 1950, Section 4.
No provision of our Louisiana Revised Statutes is retroactive in effect unless it expressly so states. LSA-R.S. 1:2.
LSA-R.S. 1:3 provides a legislative rule of interpretation of the words “may” and “shall”. The statute reads as follows:
“Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word ‘shall’ is mandatory and the word ‘may’ is permissive.”
LSA-R.S. 1:2, by prohibiting retroactive application of the Revised Statutes, precluded the application of LSA-R.S. 1:3 in Rathborne Lumber & Supply Co., supra. In this instance, however, we must follow the dictates of the pertinent statute which unmistakably declares that “the word ‘may’ is permissive.” Assuming, for argument’s sake, the rule in Falgout, above, is applicable herein despite LSA-R.S. 1:3, we do not find that the context or subject matter of the statute in question compels a mandatory interpretation or that such construction is necessary to effectuate specific legislative policy or intent.
Plaintiff also cites several authorities from other jurisdictions which, under varying circumstances, have held the word “may” to indicate mandatory intent. Ordinarily such authorities would be regarded as persuasive, but not controlling in determining the issue before us. However, here our own legislature has foreclosed such consideration by giving the courts of this state a clear and unmistakable interpretative rule to follow.
We deem the intent of the statute to be that a surviving spouse may draw upon either the deposits of a decedent or the deposits of the community between the survivor and the decedent, as a source of readily available funds for such purposes as, but not necessarily limited to, continuing community affairs, matters or businesses ; meeting the needs of the surviving spouse and other dependents of decedent, if any, and defraying expenses of last illness, funeral expenses and other reasonable and legitimate claims, demands or expenses.
We find it unnecessary to determine herein whether the provisions of the act apply solely to funds on deposit on the date of decedent’s death. Additionally, we do not feel called upon to decide whether the effect of the statute is terminated upon recognition, appointment and qualification of an administrator or executor. In this latter respect, we would be most reluctant to hold the statute inoperative after qualification of a succession representative be *99 cause we are cognizant that in many instances, as a matter of practice, executors are confirmed within a few days of a testator’s demise.
It suffices for the purposes of this case, to determine that the statute is permissive in nature. It follows therefore that banks are vested with the exercise of discretion when an application to withdraw funds is made pursuant thereto. Such discretion, however, is not without limitation. It may not be exercised arbitrarily or capriciously. The courts will not hesitate to grant relief in matters of this nature should an unreasonable or whimsical exercise of such discretion be shown. It is elementary that each such instance must be determined in the light of its own peculiar facts and circumstances.
Present plaintiff is apparently claiming under the dual role of surviving spouse and creditor in that she alleges exhaustion of her personal funds in payment of expenses incurred by decedent during his last illness. Insofar as plaintiff may be claiming recovery of such funds as a creditor, there appears no reason why she could not have heretofore asserted her claim against the executrix of decedent’s estate.
Insofar as plaintiff claims pursuant to the applicable statute, we do not think the legislature intended to change the substantive law regarding inheritance. By this we mean that we see nothing in the statute giving a surviving spouse the unqualified right to the sum of $2,500.00 from the deceased spouse’s estate, irrespective of the conflicting or contradictory claims of creditors, heirs, legatees or other third parties. The act expressly exonerates depositories from liability to all third parties when the requisite affidavit is furnished. It does not purport, however, to relieve the surviving spouse of liability to creditors, heirs, legatees and other third parties in the event it be established that the withdrawing survivor has no legal right or claim to the funds withdrawn.
The intervention of decedent’s executrix is clear evidence that plaintiff’s claim, whether as creditor or solely under the applicable statute, is disputed by the succession representative. The import of the intervention is that plaintiff is not entitled, as a matter of law, to any portion of decedent’s estate. The depository therefore is in effect faced with the dilemma of a stakeholder upon whom demand for payment has been made by parties asserting adverse interests to the funds held.
That the depository may itself be relieved of liability to all third parties upon the survivor complying with the statute does not, in our opinion, necessarily divest the depository of all discretion with regard to allowing or permitting withdrawal. Where as here, the surviving wife makes no claim of need until eighteen months following her spouse’s death, and her claim is disputed by a duly qualified succession representative, we believe it within the sound discretion of the depository to refuse or disallow withdrawal. Granted the depository is under no legal obligation to protect the interests of third parties under the statute in question. Nevertheless, in this instance, the depository has seen fit, insofar as it can, to preserve intact a disputed fund to the end that the claims of adverse parties thereto may ultimately be resolved in a court of law. This we believe to be within the sound discretion of a bank or other depository.
It is ordered, adjudged and decreed that the judgment of the trial court be reversed and set aside; that the preliminary injunction issued below be dissolved, and that the demands of plaintiff Leona W. Hornsby be dismissed without prejudice, at plaintiff’s cost.
It is further ordered, adjudged and decreed that the rights of plaintiff Leona W. Hornsby are hereby expressly reserved to litigate any claim which she may have against the estate of her deceased husband, Hillery H. Hornsby, adversely with Lulu Hornsby, Executrix of said decedent’s es *100 tate, which succession bears Number 4,873 on the docket of the Honorable Twenty-first Judicial District Court, St. Helena Parish, Louisiana.
Reversed and rendered.