REDMANN, Judge.
An Orleans parish court rendered a default judgment based on R.S. 9:4812 which cast Jefferson parish homeowners for $1,621.61 (in solido with their contractor) for materials supplied by plaintiff and recognized a materialmen’s lien on their Jefferson parish home. The homeowners sued to nullify the judgment, C.C.P. art. 2002 subd. (3), on the ground that R.S. 9:4812 places jurisdiction exclusively in Jefferson. From judgment rejecting their nullity demand, the homeowners appeal. We affirm.
Prior to the 1960 Code of Civil Procedure, a court’s competence to enforce R.S. 9:4812 privileges was treated as a question of jurisdiction rationae materiae; Rathborne Lbr. & S. Co. v. Falgout, 218 La. 629, 50 So.2d 295 (1950). But today the question is treated as one of venue by C. C.P. art. 80 subd. (1), which places venue for “an action to assert * * * a right in, to, or against immovable property m the immovable’s parish (with exceptions not pertinent).
The general rule is that objections to venue may be waived and are waived by failure to plead them, art. 44, prior to default, art. 928; Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972). The exceptions to waivability are listed by article numbers in art. 44; and those excepted articles might arguably state a venue equivalent to jurisdiction for purposes of art. 2002 subd. (3). But art. 80 is not listed as nonwaivable.
 We hold that R.S. 9:4812’s provision that its privilege “may be enforced * * * in any court of competent jurisdiction in the parish in which the land is situated” declares waivable venue and not jurisdiction. (And if, as appellants contend, the quoted language also affects the personal action against the owners — see Rathborne, supra — it at best would state venue and not jurisdiction as to them.)
The judgment is affirmed.