No. 14877

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

MONTANA HEALTH SYSTEMS, AGENCY, INC.,
                    Petitioner,
        and
MONTANA NURSING HOME ASSOC.,
                    Petitioner,
        vs.
MONTANA BOARD OF HEALTH AND ENVIRONMENTAL
SCIENCES,
                    Respondent,
        and
MISSOULA GENERAL HOSPITAL, a
non-profit corporation,
                    Intervenor.

---

Appeal from:   District Court of the First Judicial District,
               In and For the County of Lewis and Clark,
               Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Garlington, Lohn and Robinson, Missoula, Montana

    For Respondent:

        Datsopoulos and MacDonald, Missoula, Montana
        Peter M. Meloy, Helena, Montana
        Eleanor Parker, Dept. of Health, Helena, Montana

---

Submitted on briefs: October 25, 1980

Decided: APR 2 - 1980

Filed: APR 2 - 1980

Thomas J. Kearney
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Missoula General Hospital (herein referred to as Hospital) appeals from an order of the Lewis and Clark County District Court denying its motion for change of venue. The sole issue presented is whether the trial court properly denied the motion for change of venue from Lewis and Clark County to Missoula County.

On December 18, 1978, the Montana Board of Health and Environmental Sciences (herein referred to as the Board) issued findings of fact, conclusions and an order granting the Hospital a certificate of need, allowing the Hospital to initiate construction of a 80 bed intermediate care nursing home facility adjacent to the present hospital site in Missoula, Montana. Montana Health Systems Agency, Inc. (herein referred to as Montana Health) and the Montana Nursing Home Association (herein referred to as Association) appeared and opposed the issuance of the certificate of need at the administrative hearing level. Montana Health and the Association appealed to the Lewis and Clark County District Court seeking judicial review of the Board's order.

On February 5, 1979, the trial court allowed the Hospital to intervene. On March 5, 1979, the Hospital filed a motion seeking a change of venue to Missoula County. On April 2, 1979, the trial court entered an order denying the motion for change of venue, determining that section 2-4-702(2)(a), MCA, was controlling. On April 20, 1979, the Hospital filed a motion to reconsider. On June 6, 1979, the trial court entered a memorandum and order denying the motion to reconsider, affirming the prior ruling that venue should remain in Lewis and Clark County. This appeal followed.

-2-

The Hospital does not contest the procedural course taken by Montana Health and the Association in appealing the Board's administrative decision to grant the certificate of need. However, the Hospital contends that as a private litigant doing business in Missoula County, it is entitled to a change of venue to Missoula County under section 25-2-201, MCA, and section 25-2-105, MCA; general statutory provisions relating to venue. The Hospital further contends that Missoula County is the proper county for judicial review because the certificate of need is operative only in Missoula County, where the nursing home is to be constructed. Montana Health and the Association contend that Lewis and Clark County is the proper county for judicial review under section 2-4-702, MCA, the venue provision of the Montana Administrative Procedure Act (herein referred to as MAPA).

Section 2-4-702, MCA, is a statute providing for judicial review of the actions of any administrative agency of the state. Clearly, the Board is an administrative agency of the state, and judicial review of the Board's order granting the certificate of need is sought in the instant case. Section 2-4-702(2)(a) provides that "[p]roceedings for review shall be instituted by filing a petition in district court within thirty days after service of the final decision of the agency . . . Except as otherwise provided by statute, the petition shall be filed in the district court for the county where the petitioner resides or has his principal place of business or where the agency maintains its principal office." (Emphasis added.) The language of section 2-4-702 (2)(a), "[e]xcept as otherwise provided by statute", would indicate that in specific instances, other statutes be looked to in order to determine venue. State, Consumer v. Mont. Dept. of Pub. Serv. Reg. (1979), ____ Mont. ___, 593

-3-

P.2d 34, 36, 36 St.Rep. 646, 649. To the extent of any inconsistency a more specific statute will control over a more general statute pertaining to the same subject matter. State, Consumer v. Mont. Dept. of Pub. Serv. Reg., supra, 593 P.2d at 36, 36 St.Rep. at 649; State v. Holt (1948), 121 Mont 459, 194 P.2d 651.

This case involves the Board's granting of a certificate of need, and section 50-5-301, et seq., MCA, provides the statutory framework relating to the issuance of certificates of need. Section 50-5-306, MCA, specifically provides a right to a hearing and appeal of a decision on an application for a certificate of need, and contains a specific provision relating to venue. Section 50-5-306(4) provides that "[t]he final decision of the Board shall be considered the decision of the department for purposes of an appeal to district court. Any affected person may appeal this decision to the district court as provided in Title 2, chapter 4, part 7." Title 2, chapter 4, part 7, is that portion of the MAPA relating to judicial review of contested cases. It contains section 2-4-702(2)(a), the MAPA provision relating to venue.

Section 50-5-306(4) specifically provides that the MAPA provision relating to venue applies. Accordingly, section 2-4-702(2)(a) is the controlling statutory provision. The trial court properly determined that venue should remain in Lewis and Clark County.

Affirmed.

_____
Justice

We Concur:

_Frank J. Haswell_____
Chief Justice

_Gene B. Daly_____

_John Conway Harrison_____
_____
Justices

Mr. Justice John C. Sheehy, deeming himself disqualified, did not participate.

- 4 -