408 So.2d 1144 (1981)
G. Vaughn WALTON, d/b/a Cenla Foods, Inc., Plaintiff-Appellee,
v.
Shirley McNAMARA, Secretary, Department of Revenue and Taxation, State of Louisiana, Defendant-Appellant.
No. 8349.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1981.
Rehearing Denied October 26, 1981.
*1145 Joanna B. Wilson, Baton Rouge, for defendant-appellant.
Taylor W. O'Hearn, Shreveport, for plaintiff-appellee.
Before FORET, SWIFT and DOUCET, JJ.
DOUCET, Judge.
Plaintiff, G. Vaughn Walton, sues to enjoin Shirley McNamara, Secretary of the Department of Revenue and Taxation, from seizing any of its property in satisfaction of alleged past due sales tax, penalties and interest for the months beginning December 1979 through July 1980. Plaintiff further prays for judgment excusing him from preparing and submitting sales tax returns to the Department of Revenue unless or until he engages in taxable activities under the Louisiana Sales Tax law. Plaintiff also seeks money damages.
In response, the Department of Revenue filed exceptions of lack of jurisdiction, res judicata and no cause of action. Plaintiff's rule for a preliminary injunction and defendant's exceptions were heard by the district court on December 1, 1980. The district court overruled all of defendant's exceptions and rendered the following judgment:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff is entitled to injunctive relief to prevent irreparable harm, therefore, the defendant, SHIRLEY McNAMARA, SECRETARY OF THE DEPARTMENT OF REVENUE AND TAXATION, is hereby enjoined from seizing any of the property belonging to the petitioner in satisfaction of any alleged past due sales tax, interest and penalties. Defendant is further enjoined from assessing plaintiff any taxes, interest and penalties due to plaintiff's not filing any sales tax returns on non-taxable transactions, or requiring plaintiff to fill out forms on non-taxable transactions."
The Department of Revenue has appealed this judgment.
The issues are: (1) Whether the district court had subject matter jurisdiction, and (2) whether the preliminary injunction was properly issued by the district court.
Plaintiff operates a small food store in Tioga, Louisiana. According to his petition, plaintiff's establishment was assessed by the Department of Revenue as owing sales tax, penalties and interest for the months of May through November 1979. On January *1146 7, 1980, plaintiff filed a protest with the Board of Tax Appeals concerning the assessment of sales tax, penalties and interest for the months of May, June, and July of 1979 and on February 26, 1980, a similar protest was filed for the months of August, September, October and November of 1979. Both protests were consolidated for a hearing before the Board of Tax Appeals held April 23, 1980. The Board of Tax Appeals, finding that no taxes were owed by plaintiff, vacated and set aside the assessments of sales tax, penalties and interest determined by the Department of Revenue but ordered plaintiff to file a sales tax return in accordance with LSA-R.S. 47:306. On August 14, 1980, an amended judgment was issued by the Board of Tax Appeals which stated in part:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, considering that LSA-R.S. 47:306A requires that the Petitioner files sales tax returns even though the sales may be exempt under LSA-R.S. 47:305(4), the Petitioner is to file sales tax returns at the times and in accordance with LSA-R.S. 47:306A."
Plaintiff failed to file a return in accordance with the Board's ruling of August 14, 1980. Thereafter, plaintiff again received notice of an assessment from the Department of Revenue for sales tax, penalties and interest for the months of December 1979 through July 1980. This suit for preliminary injunction followed.
The district court found that the Department of Revenue was without authority to assess any tax or penalties for plaintiff's failure to file a sales tax return, there being no express provision in the Sales Tax Statutes requiring a return to be submitted where no taxable transactions occur. The court further found that the Board of Tax Appeals was likewise without authority to order a dealer to file a return or to review taxes and penalties assessed by the Department of Revenue under such circumstances. On this basis, the court concluded that it had jurisdiction to entertain plaintiff's suit.
The Department of Revenue contends that under LSA-R.S. 47:1435 the district court has appellate jurisdiction only to review decisions by the Board of Tax Appeals. R.S. 47:1435 provides in pertinent part as follows:
"47:1435. Jurisdiction of district courts to review decisions of the board
The district courts shall have exclusive jurisdiction to review the decisions or judgments of the board, and the judgment of any such court shall be subject to further appeal, suspensive only, in accordance with law. If a suspensive appeal is taken from a judgment of the district court no further bond need be posted and the bond originally posted remains in full force and effect to guarantee the payment of any tax, interest, and penalty until final decision of the court.
Upon such review, such courts shall have the power to affirm or, if the decision or judgment of the board is not in accordance with law, to modify, or to reverse the decision or judgment of the board, with or without remanding the case for further proceedings as justice may require."
Since the procedures specifically provided by the statute were not followed in the instant case, the Department argues that plaintiff may not now bring an original action in the district court contesting actions by the Department of Revenue or Board of Tax Appeals.
The appellate procedure adopted by the legislature in this area is found in Chapter 17 of our Revised Statutes Title 47 entitled "Revenue and Taxation". Under this scheme, a taxpayer who has been assessed by the Department of Revenue as owing taxes has 30 days from the date of notice of such assessment to either pay the amount of the assessment or to appeal to the Board of Tax Appeals for a review of the assessment. LSA-R.S. 47:1565(A). Once a judgment or decision has been made by the Board of Tax Appeals, either the taxpayer or the collector has the right, within 90 days from the Board's decision, to appeal to the district court for a review of the Board's decision. LSA-R.S. 47:1434. Unless the petition for review by the district court is *1147 timely filed, the judgment of the Board of Tax Appeals becomes final. LSA-R.S. 47:1438(1).
Under the statutory procedure outlined above, plaintiff had the right to appeal to the district court for review of the Board's decision of August 14, 1980 requiring him to file a tax return even though exempted from sales tax. However, the present suit was filed more than 30 days after the Board's judgment was rendered. Thus, this suit cannot be considered as an appeal from the August 14, 1980 decision by the Board of Tax Appeals. Insofar as that judgment has now become final, it cannot now be modified or reversed by the district court. Accordingly, we conclude that the district court was without jurisdiction to review that portion of the judgment of the Board of Tax Appeals requiring plaintiff to file a sales tax return.
Having concluded the district court was without jurisdiction to review the decision of Board of Tax Appeals, the next issue is whether the district court could properly enjoin defendant from assessing plaintiff with taxes, penalties and interest for the months of December 1979 through July of 1980.
LSA-R.S. 47:1575 provides as follows:
"47:1575. Injunctions prohibited.
No court of this state shall issue any process whatsoever to restrain the collection of any tax, penalty, interest, or other charge imposed in this Sub-Title."
In issuing the injunction the district court concluded that this provision did not apply where the Department of Revenue had acted outside the scope of its legal authority in imposing taxes, penalties and interest on plaintiff where none were due.
In Austin v. Town of Kinder, 36 So.2d 48 (La.App. 1st Cir. 1948), the court stated with respect to Act 330 of 1938, the predecessor of R.S. 47:1575:
"It appears then that anyone charged with the payment of a tax under a statute or an ordinance which he may consider illegal or unconstitutional cannot invoke injunctive relief from the courts to resist payment. Instead, the act further provides in Sec. 2(a) a method of procedure to be followed by him, under which he must pay the amount found due and then directs the disposition to be made by the collecting officer of the amount paid to the end that it can be refunded in the event the court should eventually decide in a suit brought for recovery, that he did not owe the tax."
We think that this section acts as a bar to plaintiff's suit for injunction against the Department of Revenue. In the instant case the assessment of the Department of Revenue may have been made illegally or based on an unconstitutional statute. In such case the proper procedure to be taken is outlined in R.S. 47:1576 which allows a taxpayer resisting the payment of any amounts found due by the collector to give notice of his intention to file suit for the recovery of the amount paid. Accordingly, we conclude that the preliminary injunction issued by the district court restraining the defendant from assessing plaintiff with sales tax, penalties and interest was improperly granted.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of defendant dismissing plaintiff's suit at his costs, both in the trial and appellate courts.
REVERSED AND RENDERED.