DUFRESNE, Judge.
This is an appeal by the Louisiana Collector of Revenue, plaintiff-appellant, from a judgment sustaining the declinatory exceptions of lack of jurisdiction over the person and the subject matter, and dismissing this suit for review of a decision of the Board of Tax Appeals in favor of Loop, Inc., defendant-appellee. Although we find that the exceptions of lack of subject matter and personal jurisdiction were improperly sustained, we nonetheless hold that venue was improper and that the suit was properly dismissed.
FACTS
On March 23,1983, the Collector issued a franchise tax assessment against Loop. Loop appealed this assessment to the Board of Tax Appeals on April 6, 1983, and in its petition correctly gave its principal place of business as Jefferson Parish. In early May, 1983, Loop moved its principal place of business to Orleans Parish. The Collector was sent an announcement of this proposed move in mid-April, 1983, and the Secretary of State was duly notified of this change on May 5th.
The Board of Tax Appeals rendered a decision in Loop’s favor on September 28, 1983. The Collector thereupon sought review of this decision by filing a petition on October 27th, in the district court for the Parish of Jefferson. A copy of the petition was received by Loop on November 15th.
Loop responded to this petition by way of the declinatory exceptions of lack of jurisdiction over the subject matter and the person and improper venue. The trial court sustained the exceptions of lack of subject matter and personal jurisdiction. He further declined to transfer the case to the Orleans Parish District Court on the grounds that the Collector’s cause of action was extinguished by prescription, and therefore that there was no viable action to transfer. He did not rule on the exception of venue. The Collector now appeals.
Our first task here is to determine whether La.R.S. 47:1436, establishes subject matter jurisdiction, personal jurisdiction, or venue. The statute is titled “Determination of which district court has jurisdiction”. The language of the statute pertinent here is as follows:
A decision or judgment of the [Board of Tax Appeals] may be reviewed:

(3) In the case of a corporation which has a principal office or agency in Louisiana, then by the district court for the district where such principal office or agency is located.

(5) In the case of an agreement between the Collector and taxpayer, then the district court as stipulated in the agreement.
It is clear that this statute does not relate to subject matter jurisdiction. Paragraph (5) permits the parties to consent to *787 the authority of any district court to hear their dispute. Because parties cannot confer subject matter jurisdiction on a court, La.Code Civ.Pro. art. 3, the statute must refer to some other type of jurisdiction.
We next address the question of subject matter jurisdiction. Prior to the enactment of the present Code of Civil Procedure in 1960, Louisiana recognized jurisdiction ra-tione materiae and jurisdiction ratione •personae, which corresponded closely to subject matter jurisdiction and venue in the Anglo-American law. Cf. Introduction, Bk. I, La.Code Civ.Pro. p. 1 (1960). In part because of confusion in the jurisprudence as to the precise meanings of jurisdiction ratione materiae and ratione personae, and in part because of the U.S. constitutional requirements as mandated in Pennoyer v. Neff, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565 (1878) and its progeny, the 1960 Code adopted the jurisdiction and venue concepts of the Anglo-American law. McMahon, Jurisdiction Under the Louisiana Code of Civil Procedure, 35 Tul.L. Rev. 501 (1960-61). Under this new codification, the jurisdiction ratione materiae has been replaced by the more inclusive term “jurisdiction”, which encompasses subject matter, personal, in rem, quasi in rem, and status jurisdictions, La.Code Civ. Pro., arts. 1-10. Similarly, the prior jurisdiction ratione personae has been replaced by the venue provisions, La.Code Civ.Pro. arts. 41 ff; cf. McMahon, Summary of Procedural changes in Chapter 2 Section 1, La.Code Civ.Pro., p. 55 (1960). We finally note that in Schlesinger v. Fontenot, 235 La. 47, 102 So.2d 488 (La.1958) a case procedurally similar to the one before us, the Supreme Court construed La.R.S. 47:1436, a 1942 statute as conferring jurisdiction ratione personae, rather than ratione materiae.
Based on the historical development of the Code of Civil Procedure and Schlesinger v. Fontenot, supra, we conclude that La.R.S. 47:1436, is a venue statute and that the use of the word “jurisdiction” in its caption referred to the prior jurisdiction ratione personae, now venue. Thus, the trial court improperly sustained the exceptions of lack of subject matter or personal jurisdiction on the basis of that statute. We further find, however, that the exception of improper venue should have been sustained, and now so rule.
The Collector, as we appreciate his argument, urges that whether R.S. 47:1436 is construed as a venue or a jurisdictional statute, the suit was properly brought in Jefferson Parish. His reasoning is that because when Loop filed its petition to the Board of Tax Appeals it was domiciled in Jefferson, that domicile is controlling in all court proceedings growing out of the action of that board. While we appreciate the thrust of this argument, we nonetheless must reject it. In our opinion, the legal right to appeal a decision of the Board of Tax Appeals does not arise until the Board has rendered and signed its decision, La.R.S. 47:1434. The controlling date as to venue in this case under La.R.S. 47:1436, was therefore September 28, 1983. Because Loop was then domiciled in Orleans Parish, that district court was the court of proper venue.[1]
The next issue before us is whether the district court should have transferred the case to Orleans Parish rather than dismissing it.
The Collector first asserts on this point that the rules of appellate procedure are to be followed by district courts in reviewing Board of Tax Appeals decisions. We need not dwell on what consequences he suggests might follow by the use of appellate procedure in the district court, because this assertion is simply wrong. The law is settled that review of decisions of the Board of Tax Appeals by a district court lies within the exclusive original jurisdiction of those courts, Collector v. Murphy Oil Corp., 351 So.2d 1234 (La.App. 4th *788 Cir.1977); cf. Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (La.1971). We find no authority, and the Collector cites none, which would permit use of appellate rules of procedure in a district court sitting within its exclusive original jurisdiction.
The remaining issue on this question is whether in the interest of justice, the case should have been transferred to Orleans Parish pursuant to La.Code Civ.Pro. art. 932. The underlying question on this point is of course whether or not at the time the matter was heard, the Collector’s cause of action was prescribed or perempted.
Loop denotes a substantial portion of its brief to argument that the 30 day period at issue is peremptive rather than prescription. However, on the facts here, we fail to see that a different result would obtain* if the period were considered either one or the other. Civil Code art. 3462, governs both peremption (cf. La.Civ.Code art. 3461, comment c,) and prescription, and provides pertinently that the running of either may be stopped by filing suit in a court of proper venue, or by notice to the defendant if suit is filed in a court of improper venue.
In the case before us, we have already determined that venue was improper, and it is not disputed that Loop did not receive any notice of the petition until November 15, 1983.
Therefore, since the requisite period here is 30 days, and because the Collector took no action which would affect the running of that time under article 3462, he was in no different legal posture at the time the suit was dismissed than he would have been had it been transferred. Under these circumstances we fail to find any interest of justice which was not served by dismissal of the suit. We note however, that insofar as the judgment is silent as to prejudice, we hereby rule that it is dismissed without prejudice.
For the foregoing reasons, the judgment appealed from is reversed in part, affirmed in part, and rendered.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.

. We note that had Loop changed its domicile during the 30 day period allowed for filing a petition for review in district court, La.R.S. 47:1434, or had there been evidence of an attempt to defraud the Collector, then our decision today may have been different.