REDMANN, Chief Judge.
The Louisiana collector of revenue assessed corporate franchise taxes of $1,595,-539 against Loop, Inc. The board of tax appeals vacated that assessment. The collector filed a petition for review within the 30-day period allowed by statute to do so, in the district court of Loop’s principal office as stated by Loop in its appeal to the board. Loop, having meanwhile moved its principal office to an adjacent parish (and having sent notice of its intent to move to the collector), excepted to the venue. The exception was sustained and, ultimately, the supreme court transferred the petition for review to the district court of Loop’s current principal office. 470 So.2d 112. That district court dismissed the petition because not filed with itself within the 30-day statutory period. The collector appeals.
The question is whether the timely filing of a petition for review of a board of tax appeals decision, in the district court of the taxpayer’s principal office at the time of its appeal to the board of tax appeals, constitutes a filing in “the district court” within R.S. 47:1434, notwithstanding a successful objection to the venue under La. R.S. 47:1436 because the taxpayer had meanwhile moved its principal office to another parish.
We answer the question yes, for the following reasons. First, peremption must be strictly construed because prescription must be strictly construed. Peremption is of the nature of prescription, despite important differences; the differences do not justify a less-than-strict construction of peremption. Second, strict construction of R.S. 47:1434’s peremption prevents its application except when no timely petition for review has been filed in any Louisiana district court. The collector’s timely petition for review in a district court of improper venue therefore constituted a timely exercise of the right to petition for review, and the exception of peremption should have been overruled.
I
“There is no prescription other than that established by legislation.” C.C. 3457 (Acts 1982 No. 187). “[Sjtatutes of prescription and limitation, are not extended from one action to another, nor to analogous cases beyond the letter of the law.” *594 Garland v. Estate of Scott, 15 La.Ann. 143 (1860).
To distinguish peremption from prescription is, at best, “no simple matter,” although there are differences. Hebert v. Doctors Memorial Hosp., 486 So.2d 717, 722 (La.1985). Notwithstanding differences, peremption is “but a form of prescription.” Flowers, Inc. v. Rausch, 364 So.2d 928, 931 (La.1978).
Hebert points out as differences that per-emption, unlike prescription, need not be pleaded (C.C. 3460) and can not be interrupted or suspended or renounced (C.C. 3461).
Those differences do not support a rule of construction for peremption statutes different from the strict, letter-of-the-law construction rule for prescription. Both prescription and peremption must be construed strictly because both defeat even meritorious claims by the mere passage of time.
II
R.S. 47:1434 demands strict construction. It is not a model of clarity in its draftsmanship, but it allows the taxpayer, or the collector, only 30 days from a decision of the board of tax appeals within which to “file a petition with the district court in accordance with the provisions hereinafter set out, for review....”
In this case the collector did “file a petition with the district court” 29 days after the board’s decision. Loop’s exception of peremption argues that that filing was not “in accordance with the provisions hereinafter” of § 1434, because of a provision of § 143ft R.S. 47:1436(3) provides that a board decision “may” be reviewed by the district court in the district of the corporate taxpayer’s “principal office or agency.” The collector’s timely petition was filed not in the district of the taxpayer’s principal office at the time of filing, but in the district of the taxpayer’s principal office at the time the taxpayer appealed to the board of tax appeals. (Compare C.C.P. 71, allowing suit in either parish against one who changed domicile from one parish to another, for a year from the change unless the mover filed a declaration of change with the recorders of both parishes, C.C. 42.)
Loop contends that § 1434’s provision for filing “in accordance with the provisions hereinafter set out” incorporates § 1436 into § 1434’s peremption. Loop argues that § 1434 therefore not only perempts one’s right to review when one does not file in a district court timely and otherwise in accord with § 1434 itself, but also when not filed in a district court of unobjectionable venue in accord with § 1436.
As to an appealing taxpayer, that argument finds some statutory support because of one provision in § 1434 regarding taxpayer appeals: “the taxpayer may file his petition for review with the proper district court.” As to the collector, the argument finds no statutory support. As to either, the conclusion is inconsistent with the statute as a whole. R.S. 47:1438 provides that “[a]s used in this section, the term ‘district court’ means any district court of the State of Louisiana having jurisdiction_” (Emphasis added.) All district courts save the criminal district court for the parish of Orleans have jurisdiction (though not all have venue). See also § 1435: “The district courts shall have exclusive jurisdiction to review the decisions or judgments of the board_” Notwithstanding that the definition of § 1438 does not by its terms apply in § 1434 or § 1436, it appears nevertheless to state their meaning. If § 1436 intended to state a jurisdiction rule, or a jurisdictional venue rule (like those listed in C.C.P. 44), it would not allow the taxpayer and the collector to pick any district court they please, as it does in its subd. (5).
More important, a judgment rendered after review by a district court not among those listed in § 1436 is a valid judgment, despite a post-trial objection to the venue. Schlesinger v. Fontenot, 235 La. 47, 102 So.2d 488 (1958). Schlesinger reasoned that the failure to object earlier “was not only an acceptance of that forum, but was tantamount to an agreement to submit to the jurisdiction of that court.” Id. 102 So.2d at 492. But Schlesinger does not *595 indicate any such ‘agreement” within the 30-day peremptive period. (That an agreement by failure to object could occur within 30 days seems unlikely. Here, the petition by the collector was filed on the 29th day, and not sent by the district court to the taxpayer, as provided by § 1434, until the 48th day. The 30-day peremption would have occurred before this taxpayer could have filed any pleading or brief construable as an “agreement” by its failure to object.) In rejecting the taxpayers’ contentions in Schlesinger, the court implicitly holds that § 1434’s peremption did not occur; that the collector’s timely petition, even if in a court of objectionable venue, was sufficient to preserve the right of review. Any post-peremptive-period “agreement” to the venue would not defeat peremption, for per-emption cannot be renounced, interrupted or suspended. The rule of Schlesinger, then, is that § 1434 does not extinguish the right of review unless no petition is timely filed in any district court.
Schlesinger did not discuss Loop’s argument about the meaning of § 1434’s authorization to “file a petition with the district court in accordance with the provisions hereinafter set out, for review....” Loop argues that § 1434’s phrase “in accordance with the provisions hereinafter” incorporates § 1436, and that one therefore has only 30 days to file in a district court in which § 1436 provides review “may” be had.
The answer is that strict construction requires that the word hereinafter in § 1434 be interpreted to mean hereinafter in the 300-word section in which it appears.
(The source of R.S. 47:1434, Acts 1942 No. 299 § 19, uses the identical word. In the Act, the word hereinafter could refer to § 19, or it could refer to the entire Act. The Act declared its purpose in § 1, however, to have the board “hear and decide, at a minimum of expense to the taxpayer, ... controversies between a taxpayer and the Collector....” That purpose would not be served by construing permissive rules of venue as mandatory, jurisdictional ones.)
To the question of what R.S. 47:1434 means by “hereinafter,” its length and complexity are themselves pertinent (though many of its provisions are otherwise immaterial to this case). § 1434 is about 300 words long; “hereinafter” is the 41st. The remaining 250 words of § 1434 include provisions for notice to the board of intent to seek review; posting of bond; approval of surety; specifications of principal, interest, penalty, and other amounts of the bond; obligee of the bond; a requirement that posting of the bond precede the petition for review “in any district court,” etc. “Hereinafter” has ample meaning in that mass of provisions within § 1434 itself. It is unnecessary and inappropriate to search elsewhere than here in this section itself to give the word hereinafter meaning, especially when to do so would constitute an expansive rather than a strict construction of § 1434’s peremption.
The consequence is that § 1434’s right of review is exercised, and the peremption of that right is avoided, by filing in any district court in compliance with the provisions of § 1434 itself. § 1436 declares only a non-jurisdictional and non-peremptive venue rule. Neither § 1434 nor any other section converts that venue rule into a per-emption, as demonstrated by Schlesinger, especially when the erroneous venue is that of the district court of the taxpayer’s principal office as stated by the taxpayer in its own appeal to the board of tax appeals.
The judgment appealed from is reversed and the exception of peremption is overruled.
WILLIAMS, J., concurring with opinion.
ARMSTRONG, J., dissenting with opinion.