523 So.2d 201 (1987)
LOOP, INC.
v.
COLLECTOR OF REVENUE, State of Louisiana.
No. 87-C-0621.
Supreme Court of Louisiana.
September 9, 1987.
Rehearing Granted October 15, 1987.
On Rehearing April 11, 1988.
Mack E. Barham, Robert Arceneaux, Barham & Churchill, New Orleans, Thomas P. James, Lake Charles, CaSandra Jeanell Cooper-Gates, New Orleans, for applicant.
Joanna Wilson, Robert Carpenter, Jr., Baton Rouge, Douglas Hebert, Kinder, for respondent.
DENNIS, Justice.
A special statutory procedure authorizes the Collector of Revenue to petition for judicial review of a Board of Tax Appeals decision within a specified time in the district court of the parish of the taxpayer's principal office. La. R.S. 47:1434, et seq. The question presented by this case is whether the statutory procedure constitutes the Collector's exclusive means of invoking the jurisdiction of the courts and of obtaining judicial review. The district court dismissed the Collector's petition because he failed to file in the parish of the taxpayer's principal office within the time specified by law. The court of appeal reversed holding that a timely filing in any district court properly invokes judicial jurisdiction, that the place-of-filing requirement is a venue rule, and that a petition timely filed in the wrong district court may be transferred to the parish of the taxpayer's principal office for judicial review. 504 So.2d 592. We reverse. A district court is vested with jurisdiction to review administrative action as provided by law. Consequently, when a litigant relies upon a statute as providing a particular court with jurisdiction to review his case, he must follow the statutory procedure for invoking that court's jurisdiction. The statute relied upon by the Collector, which reflects legislative policies favoring taxpayer convenience and prompt conclusion of litigation, requires that he must timely seek judicial review in the parish of the taxpayer's principal office, as his exclusive means of review and of invoking the subject matter jurisdiction of the courts.
The Department of Revenue and Taxation assessed Loop, Inc. for alledgedly unpaid corporate franchise taxes for the years 1979, 1980 and 1981. Loop appealed the Department's assessment to the Board *202 of Tax Appeals. After a hearing the Board of Tax Appeals ruled in favor of Loop and dismissed the assessment.
The Department sought judicial review by filing a petition for review, within the time prescribed by law, in the district court of Jefferson Parish. It is undisputed that at that time Loop's principal place of business was in Orleans Parish. Loop filed declinatory exceptions of lack of jurisdiction over the person, lack of jurisdiction over the subject matter, and improper venue. The district court heard the exceptions and sustained Loop's exceptions of lack of subject matter and personal jurisdiction.
On appeal, the Fifth Circuit Court of Appeal affirmed in part the trial court's decision. It disagreed that the trial court lacked jurisdiction but found that the action had been filed in an improper venue. However, the court of appeal refused to transfer the case to the proper venue and dismissed the case, holding that the Collector's claim had either prescribed or had been perempted. Loop, Inc. v. Collector of Revenue, 464 So.2d 785 (La.App. 5th Cir. 1985).
The Collector applied for writs and this court summarily granted partial relief. We granted the writ with an order holding that the exception of venue was correctly sustained, but that the appeals court erroneously refused to transfer the case to the proper court. The action was transferred to the civil district court of Orleans Parish with a notation that the "`underlying question' of prescription or peremption" could be raised there. Loop, Inc. v. Collector of Revenue, 470 So.2d 112 (La.1985).
In the civil district court, Loop filed peremptory exceptions contending that because of the Collector's failure to file his petition for judicial review in a competent court within the thirty day period set out in La. R.S. 47:1434, his right of judicial review was prescribed or perempted. After a hearing, the civil district court sustained the exception of peremption.
On appeal, the Fourth Circuit Court of Appeal reversed, holding that because the statute must be construed strictly in favor of judicial review of administrative action, the requirement that a review requested by the collector be filed in the parish of the taxpayer's principal place of business must be construed as a rule of venue rather than of jurisdiction. Accordingly, the court of appeal concluded that any civil district court has jurisdiction to entertain the Collector's petition for review, that his filing of the petition in the instant case nevertheless constituted a timely exercise of the Collector's right to judicial review in a court of proper jurisdiction, and the Collector's failure to file in the proper venue had been corrected when the case was transferred. Loop, Inc. v. Collector of Revenue, 504 So.2d 592 (La.App. 4th Cir.1987).
We granted a writ to review the court of appeal's holding that the statutory rule obliging the Collector to seek review in a particular forum is a rule of venue, not jurisdiction. 504 So.2d 868.
It is well settled that an individual's right of judicial review of administrative proceedings is presumed to exist. La. Const. of 1974, Art. 1, §§ 2 and 22. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980); Buras v. Board of Trustees of Police Pension Fund of City of New Orleans, 367 So.2d 849 (La.1979); Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). However, where the legislature has provided a reasonable procedure for obtaining judicial review of a particular agency decision, an individual litigant must follow such procedure in order to obtain review. Corbello v. Sutton, 446 So.2d 301 (La.1984); see also, Whitney National Bank v. Bank of New Orleans & Trust Co., 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965). A government agency which does not have a constitutionally guaranteed right of judicial review necessarily must rely upon and comply with statutory provisions for such review. See, Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Board of Commissioners v. Department of Natural Resources, 496 So.2d 281, 287 (La.1986).
Moreover, the 1974 Louisiana Constitution provides that "A district court shall have appellate jurisdiction as provided by law." La. Const. Art. V, § 16 (B). By *203 definition, appellate jurisdiction is the power to review the judgment of another tribunal. Generally, a court's review of an administrative tribunal's action is considered functionally to be an exercise of its appellate review jurisdiction.[1]Central & Southern Motor Freight Tariff Association v. United States, 345 F.Supp. 1389 (D.Del.1972); Neumeister v. City Development Board, 291 N.W.2d 11 (Iowa 1980); Public Employment Relations Board v. Stohr, 279 N.W.2d 286 (Iowa 1979); Walton v. McNamara, 408 So.2d 1144 (La.App. 3d Cir.1981); Collector of Revenue v. Murphy Oil Corporation, 351 So.2d 1234 (La. App. 4th Cir.1977); 5 B. Mezines, J. Stein & J. Gruff, Administrative Law, § 45.04 (1977) [hereinafter Mezines]; 16 C. Wright, A. Miller, H. Cooper & E. Gressman, Federal Practice and Procedure Act, § 3940 (1977); Force and Griffith, Louisiana Administrative Procedure Act, 42 La.L.Rev. 1227, 1272 (1982). Therefore, for the purpose of judicial review of administrative action, the district courts are courts of limited jurisdiction, having only such appellate jurisdiction to review administrative actions as is provided by law or constitutionally required.
Consequently, a litigant seeking judicial review of administrative action in a district court must establish that there is a statute which gives subject matter jurisdiction to that court. When the statute upon which he relies establishes a specific procedure for judicial review of an agency's action, a litigant may invoke the reviewing court's jurisdiction only by following the statutorily prescribed procedure, unless there can be found within the act a genuine legislative intent to authorize judicial review by other means. Corbello v. Sutton, 446 So. 2d 301 (La.1984); see also, Whitney National Bank v. Bank of New Orleans & Trust Co., 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965); Memphis Trust Co. v. Board of Governors of the Federal Reserve, 584 F.2d 921 (6th Cir.1978); Investment Co. Institute v. Board of Governors of the Federal Reserve, 551 F.2d 1270 (D.C. Cir.1977); Application of Lakeview Gardens, Inc., 227 Kan. 161, 605 P.2d 576 (1980); Montana Health Systems, Agency, Inc. v. Montana Board of Health and Environmental Sciences, 188 Mont. 188, 612 P.2d 1275 (1980); and Bay River, Inc. v. Environmental Quality Commission, 26 Or.App. 717, 554 P.2d 620 (1976). Usually, however, the existence of a special statutory procedure implies a legislative aim that the special statutory procedure is to be the exclusive means of obtaining judicial review for the situations to which it applies. Whitney National Bank v. Bank of New Orleans & Trust Co., supra; Mezines, supra, at § 45:01; Note, Jurisdiction to Review Federal Administrative Action: District Court or Court of Appeals, 88 Harv.L.Rev. 980, 982 (1975).
Applying these precepts to the statute in this case, we conclude that the special statutory procedure requiring the Collector to file a petition within the specified time in the parish of the taxpayer's principal office was intended to be the exclusive method for obtaining judicial review. This is implied by the existence of the specific procedure itself and borne out by a reading of the statute as a whole with consideration of its underlying purposes.
The Board of Tax Appeals and the procedures for the review and enforcement of its *204 decisions were established for the speedy, convenient and inexpensive decision of controversies between the Collector and taxpayers. La. R.S. 47:1401, et seq. (1942 La.Acts 299). It was the express legislative aim thereby to provide a means to hear and decide such disputes "at a minimum of expense to the taxpayer". La. R.S. 47:1401. The Board was empowered to meet anywhere in the state and directed to schedule its hearings "with a view of securing reasonable opportunity to taxpayers to appear before the board with as little inconvenience and expense as is practicable." La. R.S. 47:1403. The Board was admonished to see that "a decision or judgment shall be made as quickly as practicable." La. R.S. 47:1432.
The special statutory review procedure provides that after a decision or judgment of the Board of Tax Appeals "the collector or the taxpayer may, within thirty calendar days after such decision or judgment has been rendered and signed, file a petition with the district court in accordance with the provisions hereinafter set out, for review of the said decision or judgment of the board...." La.R.S. 47:1434. "A decision or judgment of the Board may be reviewed: .... In the case of an individual, by the district court for the district whereof he is a resident.... ... In the case of a corporation which has a principal office or agency in Louisiana, then the district court for the district where such principal office is located.... In the case of an agreement between the collector and taxpayer, then by the district court as stipulated in the agreement." La. R.S. 47:1436. The statute does not expressly provide for review procedures in any other court that would be applicable in this case.
The choice of language and the policies expressed indicate a legislative aim to establish an exclusive method of obtaining prompt judicial review at a minimum of expense and inconvenience to the taxpayer. Accordingly, the judicial review must be conducted either by a district court agreed upon by the taxpayer or by the district court for the district whereof he is a resident or where a corporate taxpayer's principal office is located. Any other construction would ignore the plain words of the statute and undermine the dominant purpose of the statute and the special review procedure which is to provide a taxpayer with a speedy, convenient and inexpensive method of contesting the Collector's action or failure to act on a claim for refund or credit of an overpayment. See La. R.S. 47:1431, et seq.
The court of appeal's construction of the statute as vesting jurisdiction for judicial review of each decision of the Board of Tax Appeals in every civil district court in the state would undermine the deliberately worded jurisdiction provisions reflecting clearly expressed legislative policy. By reducing the jurisdictional provisions to mere rules of venue that interpretation would, in effect, waive time-barring provisions when the litigant has previously sought timely review in an improper forum. This construction would not ensure that legislative preferences for reviewing particular actions in particular forums would be respected. Moreover, such an interpretation would impose upon litigants the hardship of shuttling back and forth between courts, increase the taxpayers' expense and inconvenience, and conflict with the purpose of statutory time limitsto bring about the ultimate termination of litigation.
Alternatively, the Collector claims that the thirty day period for filing a petition does not apply to him because prescription and peremption cannot run against the State under Article XII, § 13 of the 1974 Louisiana Constitution. However, Article XII, § 13 provides "Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or as expressly provided by law." (emphasis added) Thus, the Collector's argument is clearly without merit because La. R.S. 47:1434 is an express provision by law that the Collector may obtain judicial review only by filing a petition for review in the designated court within thirty days after the Board's decision.
Accordingly, we conclude that the special statutory procedure set forth in La. R.S. 47:1434-36 is the exclusive procedure by which the Collector may obtain judicial review *205 of a Board of Tax Appeals decision. Because the Collector failed to properly follow this procedure by timely filing his petition for review in the district of the taxpayer's principal office he failed to invoke the jurisdiction of any court in this matter. We failed to recognize or pass upon this issue when we granted a writ and issued a summary order in this case previously. Now, after full consideration, it is our duty to take notice of the courts' lack of jurisdiction, to vacate the judgment of the court of appeal, and to dismiss the Collector's petition for judicial review.
COURT OF APPEAL JUDGMENT VACATED; COLLECTOR OF REVENUE'S PETITION FOR JUDICIAL REVIEW DISMISSED AT HIS COST.
LEMMON, J., dissents and assigns reasons.
DIXON, C.J., dissents with reasons.
CALOGERO, J., dissents for the reasons assigned by DIXON, C.J.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
Louisiana Revised Statutes 47:1436 (enacted in 1942) designates the district court in which "a decision or judgment of the board [of tax appeals] may be reviewed" (emphasis added), an arrangement obviously for the benefit of the taxpayers mentioneda venue statute. C.C.P. 41.[1] The subject matter jurisdiction of the district courts is plenary, except as limited by the Constitution. No statute has been found which purports to limit the authority of the district courts to review decisions of the Board of Tax Appeals on the application of the Collector.
LEMMON, Justice, dissenting.
In my view the critical issue here is neither jurisdiction, venue nor prescription, but rather res judicata.
Prescription was interrupted when the claim was originally filed with the Board of Tax Appeals. If the Collector had not filed an application for judicial review of the agency's decision in any district court until more than thirty days after the decision, the district court would have been powerless to reverse or modify that decision, not because the claim had prescribed, but because the agency's decision had acquired the authority of the thing adjudged.
Jurisdiction is no longer an issue because the application for judicial review has been transferred to the district court in Orleans Parish which is undoubtedly the court of proper jurisdiction to review the agency's decision. The dispositive question, therefore, is whether the agency's decision is still subject to review by that court or whether the decision became res judicata when thirty days elapsed between the date of the agency's decision and the date the application for review was transferred to that court.
The statutory scheme for judicial review of decisions of the Board of Tax Appeals is subject to two reasonable interpretations. La. R.S. 47:1434 requires that an application for review of the decision of the Board of Tax Appeals be filed within thirty days of the decision and designates the district court as the proper level of the court system (as opposed to the court of appeal or this court) to perform the review function. Under one reasonable interpretation of the statutory scheme, the Collector's filing of the application for review within the thirty-day period in the district court in Jefferson Parish prevented the agency's decision from becoming res judicata. Because another section of the revised statutes (Section 47:1436) provides that the proper reviewing court in this particular case is the district court in Orleans Parish, the timely application, of which all parties had notice, was then properly transferred to that court.
The majority adopts the narrow interpretation which restricts judicial review in order to minimize delay, expense and inconvenience to the taxpayer. However, transferring the timely application for judicial review to the district court in Orleans Parish *206 did not of itself cause any significant delay or inconvenience, or any additional expense to the taxpayer. Moreover, the majority's technical construction runs contrary to the accepted principle that appeals are favored in the law and effectively dismisses this judicial review as res judicata when the application was filed timely in a district court.
The present situation is similar to the case in which an appeal or an application for supervisory writs is filed timely in the wrong court of appeal circuit. In such a case, the appeal or the application should simply be transferred to the proper circuit.[1] Just as justice would be served in that case by holding the transferred appeal timely, justice will be served here by holding that the filing of the application for judicial review in Jefferson Parish prevented the agency's decision from acquiring the authority of the thing adjudged. There is no great social value in the contrary position. Indeed, if the taxpayer were the party who had sought review by inadvertently filing in the wrong parish and the error could be corrected by a simple transfer of the application, such a technical violation of the statute would probably be excused out of hand.
DIXON, Chief Justice.
Rehearing was granted to reconsider the interpretation of R.S. 47:1431-1438 and the appellate jurisdiction of the district courts. We conclude that the statutes involved confer jurisdiction in all district courts to review judgments of the Board of Tax Appeals.
Provisions for judicial review of decisions of the Board of Tax Appeals were enacted by Act 299 of the Acts of 1942, and included in the Revised Statutes of 1950 as R.S. 47:1431-1438. The collector sought review from an adverse decision of the Board of Tax Appeals. Loop, Inc., the taxpayer, had stated in its March 23, 1983 appeal to the board that its principal office was located in Jefferson Parish. In May of 1983 Loop moved its principal office to Orleans Parish. The Board of Tax Appeals decided in favor of Loop on September 28, 1983. The collector sought review in the district court for Jefferson Parish on October 27. Loop received a copy of the petition on November 15, 1983, and excepted to the jurisdiction and venue.
The relevant provisions in the statute are as follows:
"§ 1434. Judicial review of decision of the board
After a decision or judgment of the board, the collector or the taxpayer may, within thirty calendar days after such decision or judgment has been rendered and signed, file a petition with the district court in accordance with the provisions hereinafter set out, for review of the said decision or judgment of the board...."
Section 1434 provides that the appealing party notify the board of its intention to file a petition for review; if a new tax has been found to be due the taxpayer must post a bond. The next paragraph in § 1434 states:
"Thereafter, and within the thirty calendar days from the date of the rendering and signing of such decision or judgment of the board, the taxpayer may file his petition for review with the proper district court, setting forth specifically any errors which may have been committed by the board in reaching its decision or judgment."
Section 1435 was the legislature's determination of "jurisdiction" to hear the case:
"§ 1435. Jurisdiction of district courts to review decisions of the board
The district courts shall have exclusive jurisdiction to review the decisions or judgments of the board, and the judgment of any such court shall be subject to further appeal, suspensive only, in accordance *207 with law. If a suspensive appeal is taken from a judgment of the district court no further bond need be posted and the bond originally posted remains in full force and effect to guarantee the payment of any tax, interest, and penalty until final decision of the court."
The next section also used the word "jurisdiction" in the black letter title:
"§ 1436. Determination of which district court has jurisdiction
A decision or judgment of the board may be reviewed:
(1) In the case of an individual ...
(2) In the case of a person other than an individual ...
(3) In the case of a corporation which has a principal office or agency in Louisiana, then by the district court for the district where such principal office or agency is located.
(4) In the case of a corporation which has no principal office or agency in Louisiana...
(5) In the case of an agreement between the collector and taxpayer, then by the district court as stipulated in the agreement."
Section 1437 describes the effect of a final judgment.
Section 1438 provides for the date on which the judgment becomes final:
"§ 1438. Date judgment becomes final For the purposes of this Title, the date on which a decision or judgment of the board becomes final shall be determined as provided herein. The decision or judgment of the board shall become final:
(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time; ...
. . . . .
(4) ...
As used in this section, the term `district court' means any district court of the State of Louisiana having jurisdiction to review the decision or judgment of the board; and the term `mandate' in case a mandate has been recalled prior to the expiration of thirty days from date of issuance thereof, means the final mandate."
These statutes have survived, without change, the Code of Civil Procedure articles on jurisdiction and venue and our opinion in Bowen v. Doyal, 253 So.2d 200, 206 (1971), holding that the review by the district court of administrative bodies is an exercise of the district court's "exclusive original jurisdiction," and not appellate jurisdiction under Article 7 of the 1921 Constitution. Furthermore, these statutes remained unchanged after the Constitution of 1974 where Art. 5, § 16(B) provides that "a district court shall have appellate jurisdiction as provided by law."
Although the Jefferson District Court might not have been "the proper district court" as is stated in § 1434 (that is, a court of proper venue), it was given jurisdiction to decide the matter in § 1435.
A petition for review timely filed in a district court "having jurisdiction to review the decision" (R.S. 47:1438) prevented the judgment of the Board of Tax Appeals from becoming final. The judgment did not become final because it was filed in the district court within "thirty calendar days," the time fixed by § 1434.
This action for a redetermination of an assessment by the collector was (presumably) timely filed with the Board of Tax Appeals. R.S. 47:1431, 1565. The judgment of the Board of Tax Appeals has not yet become final because it was filed within thirty days with a "district court of the State of Louisiana having jurisdiction to review the decision or judgment of the board." R.S. 47:1438. When a proceeding "has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice." C.C.P. 932.[1]
The judgment of the court of appeal reversing the district court judgment and overruling the exception of peremption was *208 correct. The case is remanded to the Civil District Court for the Parish of Orleans for further proceedings.
DENNIS, J., dissents with reasons.
WATSON, J., dissents and would adhere to the original opinion.
DENNIS, Justice, dissenting.
I respectfully dissent for the reasons assigned by this court originally and for additional reasons. The court now brusquely reaches the opposite result without demonstrating any error in our original opinion. Moreover, in its haste to do rough justice, it adopts an eccentric interpretation of the statute and, without discussion, overrules statutory rules and well settled jurisprudential principle.
Even if the court's interpretation as to jurisdiction were correct, the petition herein was not timely filed because it was not filed in a court of competent jurisdiction within the time prescribed by law. It is not disputed that the Collector was required by law to file for judicial review within Orleans Parish within 30 days of the tax board's judgment and failed to do so. It is also undisputed that the petition filed by the Collector in Jefferson Parish was not served on the taxpayer within the 30 day period. Under the court's theory the 30 day period is a form of prescription because it is a mode of barring of actions as a result of inaction for a period of time. Civil Code art. 3447. In order to interrupt prescription by merely filing a suit (without service), a party must file his suit timely in a court of competent jurisdiction and venue. Civil Code article 3462. "Court of competent jurisdiction" means a court which has jurisdiction over the subject matter and is the proper venue for the action or proceeding. La.C.C.P. art. 5251. Because the Jefferson Parish court was not the proper venue for the review, and therefore was not a court of competent jurisdiction, the Collector's filing in Jefferson, which was not served timely on the taxpayer, did not interrupt the running of time.
The court concedes that the Collector's filing in Jefferson Parish was not in the proper venue, and therefore not in a court of competent jurisdiction, but declares the filings by its own ipse dixit, to be timely ignoring the clearly applicable legislated law. Moreover, the court compounds its laxity by holding that the petition filed in Jefferson Parish could be transferred to a proper court under the general procedural rules. The upshot of these decrees is to overrule the well settled rule of law that when a special statute creates a right of action and also provides the venue for its enforcement, the venue so provided is exclusive and the general rules of venue have no application. Miller v. Commercial Standard Ins. Co., 199 La. 515, 6 So.2d 646 (1942); see also Rathborne Lbr. & Supply Co. v. Falgout, 218 La. 629, 50 So.2d 295 (1956); Gurtler, Hebert & Co. v. Marquette Casualty Co., 145 So.2d 145 (La.App. 4th Cir.1962); cf. Bergstedt v. Neff, 17 F.Supp. 753 (W.D.La.1936); McMahon, Civil Procedure, 24 La.L.Rev. 291 (1964); Note, Civil ProcedureVenueEnforcement of Laborer's and Materialman's Privilege in Actions in Rem, 23 La.L.Rev. 779 (1963). Because the court does not mention the rule or the previous decisions its holding in conflict therewith maybe due to oversight. However, if the court intends to uproot this well established rule of statutory construction and venue governing lawsuits under special statutes, it should carefully consider the well reasoned precedents and the potential consequences before overruling them.
The court's fundamental error, however, is its holding that the statute vests jurisdiction of a typical judicial review of administrative action in every district court in the state. A straightforward reading of the statute reveals that it specifically requires that this proceeding be filed in the parish of the taxpayer's principal place of business. Nevertheless, the court insists that the legislative aim was to promote forum shopping on an unprecedented scale by authorizing either the Collector or the taxpayer to file for review in any of 64 parishes. The well settled rule of administrative law in both state and federal courts is that a litigant may invoke judicial review jurisdiction only by following the statutorily prescribed *209 procedure, unless there can be found within the act a genuine legislative intent to authorize review by other means. Yet the court finds, without any legislative expression for support, an intent to set up what amounts to a unified, state-wide court system for judicial review of administrative adjudication of tax cases. If the Legislature had intended such a bizarre result, surely it would have said so in no uncertain terms. The court's decision calls into question the settled interpretation of other statutes establishing procedures for judicial review of administration adjudications.
In summary, in its zeal to prevent a taxpayer from going free because the Collector blundered, the court seriously undermines due process of law. To suit its preconceived result, the court distorts the clear legislative provision for judicial review of an administrative adjudication into an ordinary civil action to be tried in the district court. Then, it ignores the statutes that provide that a civil action must be filed within a court of competent jurisdiction and venue within the time provided by law. Finally, it disregards and overrules without discussion the well settled rule that when a special statute creates a right of action and also provides the venue for its enforcement, the venue so provided is exclusive. The court's decision may lead to the collection of more taxes for the state from this particular taxpayer, but it will not promote the cause of justice or procedural due process and regularity.
NOTES
[1] Under the 1921 Louisiana Constitution, a district court's appellate jurisdiction was expressly restricted to the review of decisions of several specifically named municipal and justice of peace courts. La. Const. 1921, Art. VII, § 36. In order to pay respect to this provision and yet afford litigants judicial review of administrative actions by district courts, this court held that such review could be conducted as an exercise of a district court's original rather than its appellate jurisdiction. Bowen v. Doyal, supra. Because the 1974 Louisiana Constitution restores the legislature's plenary power to define district court appellate jurisdiction, the obstacle to legislation vesting the district courts with appellate jurisdiction including judicial review of administrative actions has been removed. La. Const. 1974, Art. V, § 16(B). Therefore, we conclude that under the 1974 Louisiana Constitution a legislative act establishing procedures for judicial review of an administrative tribunal decision by a district court, should properly be considered to be a law providing for that court's appellate jurisdiction. Accord: Touchette v. City of Rayne, Municipal Fire & Police Civil Service Board, 321 So.2d 62 (La.App. 3d Cir. 1975).
[1] "Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." C.C.P. 41.
[1] Of course, most petitions for appeal are filed by the appellant in the district court, which is then responsible for lodging the record in the proper court of appeal. However, some appeals are filed by the litigant directly in the court of appeal (such as appeals from decisions of the Civil Service Commission under La. Const. art. X, § 12), and filing in the wrong circuit should not defeat an otherwise timely appeal.
[1] In an earlier application for supervisory writs, this court ordered the petition for judicial review transferred from Jefferson to Orleans Parish. 470 So.2d 112 (La.1985).