31 So.3d 432 (2010)
Kalford K. MIAZZA
v.
CITY OF MANDEVILLE, DEPARTMENT OF POLICE, et al.
No. 2009 CA 0030.
Court of Appeal of Louisiana, First Circuit.
January 6, 2010.
*433 Raymond C. Burkart, III, Amanda A. Trosclair, Burkart & Associates, L.L.C., Covington, LA, for Plaintiff-Appellant, Kalford K. Miazza.
M. Nan Alessandra, MaryJo L. Roberts, Phelps Dunbar LLP, New Orleans, LA, for Defendant-Appellee City of Mandeville, Department of Police.
Before PARRO, KUHN, and McDONALD, JJ.
PARRO, J.
Sergeant Kalford K. Miazza appeals a district court judgment affirming the dismissal of his appeal to the City of Mandeville's Municipal Police Employees Civil Service Board (the Board) concerning a promotion decision. For the following reasons, we vacate the district court judgment and dismiss this appeal for lack of subject matter jurisdiction.

DISCUSSION
Sgt. Miazza, a permanent, classified civil service employee, was employed by the City of Mandeville (the City), Parish of St. Tammany, as a police sergeant with the Mandeville Police Department. In May 2007, the appointing authority published notice of an upcoming opening for the position of Captain, with the test scheduled for October. On November 5, 2007, the personnel director published the test scores of the four officers who had taken the test; three of them, including Sgt. Miazza, were referred for the promotion. However, on November 7, 2007, the police chief appointed another officer to the position. Sgt. Miazza appealed the promotion decision to the Board, and the City moved for summary dismissal of the appeal for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. After a hearing, the Board granted the City's motion and dismissed Sgt. Miazza's appeal.
Sgt. Miazza filed a petition for judicial review with the Twenty-Second Judicial District Court (22nd JDC). After considering the record of the proceedings before the Board, along with the briefs and arguments of counsel, the district court affirmed the Board's dismissal of Sgt. Miazza's appeal. In its reasons for judgment, *434 the district court noted that the 2000 census for the City indicated fewer than 13,000 residents, thereby placing the City in the category of having a population of not less than seven thousand and not more than thirteen thousand. See LSA-R.S. 33:2531. The court also stated that the Board's authority under 1984 La. Acts, No. 164, § 4 (Act 164) concerned only dismissals, suspensions, demotions, and other disciplinary matters, none of which were implicated in this case. See also LSA-R.S. 33:2537. Therefore, Sgt. Miazza had no cause of action to appeal the promotion decision, and the Board had no jurisdiction over his appeal of that decision. Moreover, although he might have had a cause of action to challenge the job qualifications or grading system, any such claim was prescribed, because it had not been filed within the time periods specified in the police manual or the applicable statute. In his appeal to this court, Sgt. Miazza assigns as error the district court's findings that the Board had no subject matter jurisdiction over his appeal, that his appeal had prescribed, and that he had failed to state a cause of action.
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. In re Succession of Theriot, 08-1233 (La.App. 1st Cir.12/23/08), 4 So.3d 878, 881. Therefore, our initial focus is on whether this court has, or the district court had, subject matter jurisdiction over Sgt. Miazza's appeal of the Board's decision. For the purpose of judicial review of administrative action, district courts are courts of limited jurisdiction and only have appellate jurisdiction to review administrative actions as provided by the legislature or the constitution. See LSA-Const. art. V, § 16(B); Loop, Inc. v. Collector of Revenue, 523 So.2d 201, 203 (La.1987); Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd., 01-0185 (La.10/16/01), 797 So.2d 656, 660. Consequently, a litigant seeking judicial review of administrative action in a district court must establish that there is a statute which gives subject matter jurisdiction to that court. Loop, 523 So.2d at 203. The only applicable statute addressing judicial review in matters involving the fire and police civil service law for small municipalities and for parishes and fire protection districts is LSA-R.S. 33:2561(E). It states that any employee under classified service may appeal from any prejudicial decision of the board by timely serving the board with a written notice of appeal and demanding that a transcript of the record be filed with "the designated court." However, the legislature failed to designate a particular court to hear such appeals. Therefore, there is no statutory authority for the 22nd JDC to review this matter.
The only other basis for jurisdiction would be if a constitutionally protected property or liberty interest were involved, in which case, access to the court could not be denied. This case involves a decision not to promote an individual, which is not a constitutionally protected property interest. Cf. McGehee v. City/Parish of East Baton Rouge, 00-1058 (La.App. 1st Cir.9/12/01), 809 So.2d 258. Therefore, neither the process used nor the decision made is subject to constitutional scrutiny, and the district court did not have jurisdiction on a constitutional basis.
Having concluded that the district court had no subject matter jurisdiction over Sgt. Miazza's appeal, we must further conclude that this court has no appellate jurisdiction, because the district court had none. Our jurisdiction in this case is limited to the purpose of correcting the error of the lower court in entertaining the petition for judicial review by vacating its judgment, *435 but not for the purpose of determining the merits. See Metro Riverboat Associates, Inc., 797 So.2d at 663. Because the district court's judgment was void for lack of jurisdiction, this court, having nothing to review, must simply vacate the district court judgment and dismiss the appeal without reaching the merits of the case. Id.

CONCLUSION
For the foregoing reasons, we vacate the judgment of the district court and dismiss this appeal. This decision is issued in compliance with Rule 2-16.1(B) of the Uniform RulesCourts of Appeal. All costs of this appeal are assessed to Kalford K. Miazza.
JUDGMENT VACATED; APPEAL DISMISSED.
McDONALD, J. dissents and assigns reasons.
McDONALD, J., dissenting:
I agree that the statute controlling this matter is La. R.S. 33:2561, which addresses appeals of actions taken by fire and police civil service boards in small municipalities and for parishes and fire protection districts. Section E of the statute provides that "[A]ny employee under classified civil service and any appointing authority may appeal from any decision of the board or from any action taken by the board under the provisions of this Part which is prejudicial to the employee or appointing authority." The "Part" referred to is Part III of Title 33, providing statutory law for municipalities and parishes. It also describes the procedure that must be followed to effect the appeal.
It is true that the statute states that the record be filed with "the designated court." However, I do not think that the fact that the legislature didn't specifically identify "the designated court" means there is no statutory authority for the 22nd Judicial District Court to review the matter. Obviously, the purpose of the statute is to establish the right of an appeal. I do not think it is beyond the capabilities or function of the judiciary to interpret the statute so as to give effect to the legislative intent.
Title 33 of the revised statutes deals with municipalities and parishes. It creates numerous districts, e.g. water and sewerage districts, boards and commissions. Title 33, chapter 4 provides for Fire and Police Departments. Title 33, chapter 5 provides for Civil Service. Part I of chapter 5 applies to civil service for cities of over 100,000 population; Part II applies to fire and police civil service law for municipalities between 13,000 and 250,000; Part III applies to fire and police civil service for small municipalities and for parishes and fire protection districts.
The legislature puts forward, in some detail, how these boards and commissions will operate and what functions they are to perform. These include provisions regarding establishment and maintenance of employment lists, promotional testing, reinstatement and reemployment rights, to name a few. One legislative purpose is to protect government employees from discriminatory and prejudicial actions in the workplace for reasons other than the capacity and fitness to hold the position. This legislative purpose is applicable to all persons serving in fire and police departments. Both individuals and the appointing authorities have the right to appeal decisions of the Boards in Parts I and II. I do not think the legislature intended, nor would any governmental purpose be served, by creating different substantive rights dependant on the size of the community in which one lives.
*436 Generally, it is not the province of the judiciary to intrude on the authority of a fire or police chief to promote the person of his or her choice. However, it is the function of the judiciary to insure that the procedure by which positions are filled conform to the statutory requirements, and that the safeguards enacted for the protection of classified civil service employees are observed. Further, the Louisiana Constitution, Art. 10 § 17 provides:
Permanent appointments and promotions in municipal fire and police civil service shall be made only after certification by the applicable municipal fire and police civil service board under a general system based upon merit, efficiency, fitness, and length of service as provided in Article XIV, Section 15.1 of the Constitution of 1921, subject to change by law enacted by two-thirds of the elected member of each house of the legislature.
I believe that Sgt. Miazza has a statutory right to an appeal to the district court of the decision of the appointing authority and confirmed by the civil service board. I believe the decision of the district court is reviewable by a court of appeal. Therefore, I respectfully dissent.